OPINION
{¶ 1} Plaintiff-appellant, Carcorp, Inc., appeals from a judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Chesrown Oldsmobile-GMC Truck, Inc.'s motion for summary judgment. For the following reasons, we affirm in part and reverse in part that judgment.
 {¶ 2} Early in 2002, appellant and appellee began discussions concerning appellant's potential purchase of appellee's Chesrown Truck dealership. On June 11, 2002, representatives of appellant, Keith Dennis and Aaron Masterson, met with a representative of appellee, Jim Gill, for breakfast at a Bob Evans restaurant. During this breakfast meeting, appellant contends that appellee agreed to sell its Chesrown Truck dealership to appellant for $2.1 million. Appellee contends the parties merely agreed to pursue a more formal agreement based upon a $2.1 million purchase price. It is undisputed that both parties contemplated the preparation of a formal asset purchase agreement.
 {¶ 3} Thereafter, appellant's attorney prepared a draft asset purchase agreement. On June 19, 2002, appellant's attorneys sent to appellee's attorneys a 24-page draft asset purchase agreement executed by Mr. Dennis as appellant's president, plus a $5,000 check to be held in escrow as an earnest money deposit pursuant to the escrow instructions in the draft agreement. The cover letter to the agreement stated that "[t]he agreement is not to be deemed complete until all of the schedules referenced therein are prepared and completed." Although the agreement listed eight additional documents on its schedule of exhibits, there were no exhibits included with the agreement.
 {¶ 4} There were no subsequent negotiations between the parties regarding the proposed transaction and appellee never signed the draft asset purchase agreement. On or about July 15, 2002, appellee returned the $5,000 check to appellant. Appellee also indicated that it had decided not to sell its Chesrown Truck dealership to appellant.
 {¶ 5} Appellant contends that in reliance on what it perceived as appellee's binding promise to sell the Chesrown Truck dealership to appellant, it did not pursue the purchase of a new Mazda franchise or the lease of real property for a new Hyundai dealership. Appellant further alleges that those business opportunities are no longer available to it.
 {¶ 6} On November 12, 2002, appellant filed a complaint against appellee asserting a claim for breach of contract. Appellee filed an answer and a motion to dismiss or, alternatively, for summary judgment. Before the trial court ruled on appellee's motion, appellant filed a motion to amend its complaint to add a claim for promissory estoppel. Although the trial court never actually ruled on appellant's motion to amend its complaint, the trial court granted summary judgment in favor of appellee on appellant's breach of contract and promissory estoppel claims.
 {¶ 7} Appellant appealed that decision to this court. In an opinion dated November 9, 2004, we affirmed in part and reversed in part the trial court's judgment and remanded the case to the trial court for further proceedings. Carcorp, Inc. v. Chesrown Oldsmobile-GMC Truck,Inc., 159 Ohio App.3d 87, 2004-Ohio-5946. We held that because the trial court addressed appellant's promissory estoppel claim in granting summary judgment, it must have intended to grant appellant's motion to amend its complaint to add that claim. However, because appellee never moved for summary judgment on that claim (presumably because appellee filed its motion for summary judgment before appellant sought to amend its complaint to add the promissory estoppel claim), the promissory estoppel claim was not properly before the trial court. Therefore, we held that the trial court erred by granting summary judgment on the promissory estoppel claim.
 {¶ 8} We also held that the trial court erred in granting appellee summary judgment on appellant's breach of contract claim. We found that R.C. 1301.12(A) did not completely bar the potential enforceability of the purported oral agreement. However, we held that R.C. 1301.12(A) limits the potential liability for the breach of the alleged oral agreement to $5,000. Therefore, we remanded the case to the trial court to consider appellant's promissory estoppel claim and its breach of contract claim (limiting the potential enforceability of the breach of contract claim to $5,000).
 {¶ 9} On remand, appellee filed another motion seeking summary judgment on appellant's claim for promissory estoppel. Notably, appellee did not seek summary judgment on appellant's breach of contract claim. Nevertheless, the trial court again granted summary judgment in favor of appellee on both appellant's promissory estoppel and breach of contract claims.
 {¶ 10} Appellant appeals assigning the following errors:
 [1.] The Trial Court erred in granting Summary Judgment in favor of Chesrown Oldsmobile-GMC Truck, Inc. on Carcorp, Inc.'s breach of contract claim. No Motion for Summary Judgment on the breach of contract claim was before the Court.
 [2.] The Trial Court erred in granting Summary Judgment in favor of Chesrown Oldsmobile-GMC Truck, Inc. on Carcorp, Inc.'s promissory estoppel claim.
 {¶ 11} We begin by noting that appellate review of a decision granting summary judgment is de novo. Helton v. Scioto Cty. Bd. of Commrs.
(1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App. 3d 100, 103.
 {¶ 12} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66.
 {¶ 13} In its first assignment of error, appellant contends that the trial court erred by granting summary judgment for appellee on appellant's breach of contract claim. Appellant argues that because appellee did not move for summary judgment on the breach of contract claim, the trial court could not sua sponte enter summary judgment for appellee on that claim. We agree.
 {¶ 14} In Marshall v. Aaron (1984), 15 Ohio St.3d 48, the Supreme Court of Ohio held that "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a party who has not moved therefor." Id. at 51. Likewise, in Bowen v. Kil-Kare, Inc. (1992), 63 Ohio St.3d 84, the court reversed the grant of summary judgment in favor of the appellees on the appellant's claim for negligent infliction of emotional distress because the appellees never moved for summary judgment on that claim. Id. at 94; see, also, Carcorp, at ¶ 15 ("The trial court should not have granted summary judgment as to appellant's promissory estoppel claim until the issue had been placed before the court in the proper procedural posture.").
 {¶ 15} Here, appellee concedes that it did not move for summary judgment on appellant's breach of contract claim. Appellee's motion did not address or identify specific claims. However, in the memorandum supporting its motion for summary judgment, it is clear that appellee sought summary judgment only on appellant's promissory estoppel claim. Appellee's entire argument is focused on the claim of promissory estoppel. Therefore, based upon Marshall and Bowen, it was error for the trial court to grant summary judgment in favor of appellee on appellant's breach of contract claim.
 {¶ 16} Appellee argues that even if the trial court erred by granting summary judgment in appellee's favor on appellant's breach of contract claim, that error was harmless. We disagree. Appellant's memorandum contra addressed only the promissory estoppel claim. Appellee concedes appellant had no opportunity to argue or present Civ.R. 56 evidence to support appellant's contention that there is at least an issue of fact regarding the breach of contract claim. We see no basis for finding harmless error when appellant had no opportunity to contest the grant of summary judgment on its breach of contract claim. Accordingly, we sustain appellant's first assignment of error.
 {¶ 17} In its second assignment of error, appellant contends that the trial court erred by granting summary judgment in favor of appellee on appellant's promissory estoppel claim. We disagree.
 {¶ 18} The Supreme Court of Ohio has adopted the rule contained in Restatement of the Law 2d, Contracts (1981) 242, Section 90, which addresses promissory estoppel:
 "`(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. * * *'"
The Limited Stores, Inc. v. Pan American World Airways, Inc. (1992),65 Ohio St.3d 66, 73, quoting Restatement of the Law 2d, Contracts (1981) 242, Section 90; see, also, McCroskey v. State (1983), 8 Ohio St.3d 29,30; Talley v. Teamsters Loc. No. 377 (1976), 48 Ohio St.2d 142, 146.
 {¶ 19} Appellant argues that appellee made a clear and definite promise to sell the dealership to appellant for $2.1 million and to reduce that oral agreement to a written contract. Appellant further asserts that in reliance on that promise, it ceased negotiations to purchase a new Mazda franchise and it did not pursue a real property lease for a new Hyundai dealership in Dublin, Ohio. Because these business opportunities are no longer available, appellant argues that injustice can only be avoided by enforcement of the oral promise. Therefore, appellant contends there is at least an issue of fact that precludes summary judgment on its promissory estoppel claim.
 {¶ 20} Assuming for purposes of analysis that appellee's oral promise to sell its dealership to appellant for $2.1 million was clear and definite, we conclude that there could be no reasonable reliance on such a promise as a matter of law under these circumstances. It is undisputed that the parties did not discuss, let alone agree upon, most of the contract terms that would be necessary to complete this complex business transaction. Both parties contemplated that their respective legal counsel would be involved in the negotiation and preparation of a formal asset purchase agreement. Appellee's oral promise to sell was, at most, a promise to pursue a formal asset purchase agreement. In fact, appellant's counsel prepared a 24-page draft asset purchase agreement which contained many material terms not previously discussed by the parties. Appellant's counsel's cover letter to appellee's counsel stated "the agreement is not to be deemed complete until all of the schedules referenced therein are prepared and completed." There were no schedules included with the draft agreement. Nor does the record reflect that any schedules were prepared thereafter. Therefore, even appellant's counsel did not consider the draft asset purchase agreement a complete contract. If appellant's counsel did not view even the draft asset purchase agreement as a complete contract, we fail to see how any reasonable jury could conclude that appellant reasonably relied upon appellee's oral promise to pursue a sale as an enforceable promise. The oral agreement was not nearly specific enough in its terms to induce reasonable reliance by appellant. As stated by the United States District Court for the District of Massachusetts:
 Reliance on a statement of future intent made prior to the conclusion of negotiations in a complex business transaction is unreasonable as a matter of law. * * * Such a rule is particularly appropriate when two sophisticated business entities are involved in negotiations.
 Until the documents are signed and delivered the game is not over. Businessmen would be undesirably inhibited in their dealings if expressions of intent and the exchange of drafts were taken as legally binding agreements.
Continental Fin. Servs. Co. v. First Natl. Boston Corp. (D.Mass.1984), No. CA-82-1505-T, at 9-10 (citations omitted) (rejecting claim of promissory estoppel between sophisticated parties to a complex commercial transaction).
 {¶ 21} We also note that appellant apparently contemplated that General Motors would pay $1 million of the $2.1 million purchase price. A provision reflecting this belief is in the draft asset purchase agreement prepared by appellant's counsel. However, General Motors was not represented at the breakfast meeting. The fact that a critical party in the contemplated transaction had yet to be consulted further underscores the unreasonableness of any reliance by appellant on the oral promise made during the breakfast meeting.
 {¶ 22} In essence, we find that no reasonable jury could find that a sophisticated business entity would rely upon an oral agreement that did not remotely address all the issues that would have to be agreed upon in a formal written contract to effectuate a complex business transaction. Therefore, we overrule appellant's second assignment of error.
 {¶ 23} In conclusion, we sustain appellant's first assignment of error and overrule appellant's second assignment of error. Therefore, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and we remand for further proceedings consistent with law and this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
BRYANT and TRAVIS, JJ., concur.