{¶ 48} Although I agree with the majority's conclusion that the judgment of the trial court be affirmed, I do so for somewhat different reasons and therefore write separately. *Page 19 
 {¶ 49} As the majority notes, appellant's appeal addresses two matters: (1) his father's alleged agreement to transfer some portion of the family business to him, and (2) his father's alleged promise to pay appellant's wages and benefits if appellant would forego filing a workers' compensation claim for an injury appellant asserts he sustained in the scope of his employment at the family business.
 {¶ 50} As to the first matter, I agree with the majority's conclusion that appellant's evidence falls short of creating a genuine issue of material fact that the parties entered into such an agreement. The evidence appellant posits in support of the alleged agreement is too vague and indefinite as a matter of law to create an agreement to transfer a portion of the family business to appellant. Fairfax Homes,Inc. v. Blue Belle, Inc., Licking App. No. 05-CA-110, 2006-Ohio-2261
(noting the general rule that parties cannot enter into an enforceable contract unless they come to a meeting of the minds on the essential terms of the contract).
 {¶ 51} As to the second matter, the evidence indicates appellant and his father entered into some form of agreement about appellant's work injury and appellant's accompanying opportunity to apply for workers' compensation benefits. If we assume, for purposes of addressing appellant's arguments, the agreement is specific, appellee is entitled to judgment as a matter of law. The agreement, if specific, did not provide that appellant receive wages in a vacuum, but in place of workers compensation benefits. Because appellant's evidence did not create a genuine issue of material fact that he sustained injuries of such a nature he would be entitled to workers' compensation benefits indefinitely, he fails to create a genuine issue of material fact concerning his entitlement to recover indefinitely under the agreement. *Page 20 
 {¶ 52} Moreover, even if the agreement be implied and examined under a promissory estoppel analysis, appellant's contentions fail, as the record contains no evidence of detrimental reliance. Appellant presented no evidence that he did not receive workers compensation benefits once appellee ceased paying his wages. Similarly, no evidence suggests any other foregone opportunities, such as other job openings, that appellant ignored as a result of agreeing to accept wages instead of workers' compensation. In the absence of such evidence, appellant did not create a genuine issue of material fact as to his entitlement to recovery under a promissory estoppel claim. Cf. Carcorp, Inc. v. ChesrownOldsmobile-GMC Truck, Inc. Franklin App. No. 06AP-329, 2007-Ohio-380
(observing the need for detrimental reliance in a promissory estoppel claim).
 {¶ 53} For those reasons, I would affirm the judgment of the trial court. *Page 1