OPINION
{¶ 1} This is an accelerated appeal by plaintiffs-appellants, Theresa and Orville Hughes, of the decision of the Clermont County Court of Common Pleas granting the summary judgment motion of defendant-appellee, The Home City Ice Company, in a slip-and-fall case.
 {¶ 2} In May 2002, Theresa Hughes went to a Kroger store in Milford, Ohio to transact business at a Fifth Third Bank branch located inside the store. On her way out of the store, Mrs. Hughes slipped on drops of water that were on the floor in front of an ice machine owned by Home City. Mrs. Hughes fell and was injured. According to a Kroger manager, a Home City deliveryman had loaded ice into the machine approximately five to ten minutes before Mrs. Hughes fell.
 {¶ 3} In May 2004, Mrs. Hughes and her husband Orville filed a complaint in the common pleas court against Kroger and Home City, alleging negligence. Kroger and Home City filed motions for summary judgment, which the common pleas court granted. With respect to Home City, the court found that the Hughes' negligence claim was based on "speculation, conjecture, and impermissible inference building." With respect to the claim against Kroger, the court found insufficient evidence indicating that the water was on the floor for a sufficient time for Kroger to discover and remove it.
 {¶ 4} The Hughes now appeal the court's decision as to Home City only, assigning one error as follows: "The trial court erred in granting the Motion For Summary Judgment filed by the defendant-[a]ppellee Home City Ice Company." The Hughes argue that there is "overwhelming circumstantial evidence establishing that the Home City delivery man, Kevin Lynch, caused the water to be on Kroger's floor, which Mrs. Hughes stepped in and fell." According to the Hughes, that evidence should have precluded summary judgment.
 {¶ 5} We review a trial court's decision granting summary judgment under a de novo standard of review. Burgess v. Tackas
(1998), 125 Ohio App.3d 294, 296. Summary judgment is proper when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 6} In order to avoid summary judgment in a "slip and fall" negligence case, the plaintiff must present evidence showing one of the following: (1) that one or more of the defendants was responsible for placing the hazard in the plaintiff's path; (2) that one or more of the defendants had actual notice of the hazard and failed to give the plaintiff adequate notice of its presence or remove it promptly; or (3) that the hazard had existed for a sufficient length of time as to warrant the imposition of constructive notice, i.e., the hazard should have been found by one or more of the defendants. Steelman v. HyperShoppes, Inc. (Apr. 18, 1994), Clermont App. No. CA93-11-079, 1994 WL 135356, *1, citing Johnson v. Wagner Provision Co.
(1943), 141 Ohio St. 584, 589. Without evidence of one of the above, the plaintiff cannot prove that the defendant breached the duty of ordinary care to prevent accident or injury. See Cupp v.Zoz (Dec. 27, 1994), Butler App. No. CA94-06-122, 1994 WL 714519, *1.
 {¶ 7} "[N]egligence is a fact necessary to be shown; it will not be presumed." Boles v. Montgomery Ward Co. (1950),153 Ohio St. 381, 388. A negligence claim based on conjecture, speculation, or the stacking of inference upon inference cannot succeed. Id. As this court has held, such negligence claims cannot withstand a motion for summary judgment. Miller v.Adamson (Sept. 16, 1996), Brown App. No. CA96-02-007, 1996 WL 520699, *2; Steelman, 1994 WL 135356 at *2.
 {¶ 8} We now review the undisputed facts in the record. Mrs. Hughes stated in her deposition that she did not know how the water arrived on the floor, and agreed that the water could have arrived there in many ways. She also stated that she did not know how long the water had been on the floor before she fell. She described the drops of water on the floor as clear with no dirt in them, and located on more than one twelve inch-by-twelve inch tile in front of the ice machine.
 {¶ 9} A Kroger manager stated in his deposition that the Home City deliveryman loaded ice into the machine about five to ten minutes before Mrs. Hughes fell. The manager stated that he did not know how the water arrived on the floor, or how long it had been there when Mrs. Hughes fell.
 {¶ 10} Mr. Lynch, the Home City deliveryman, stated in his deposition that he loaded 60, seven-pound bags of ice into the ice machine on the day of the fall. He brought the bags into the store in two loads of 30 bags, stacking the bags on a dolly. According to Mr. Lynch, it was possible for condensation to build up on the bags in warmer months such as July. He also stated that it was possible in May, when Mrs. Hughes' fall occurred. However, he stated that it was rare for condensation to build up such that water would leak onto the floor during loading. Mr. Lynch stated that condensation build-up was more likely to occur toward the end of the day, after he had opened and closed his truck's doors numerous times for previous deliveries. Mr. Lynch's delivery to the Milford Kroger store was near the end of his work day, between 4:00 and 5:00 p.m. The Hughes presented evidence that the temperature at the Cincinnati/Northern Kentucky airport at 4:00 p.m. on the day of the fall was 82 degrees.
 {¶ 11} Mr. Lynch further stated in his deposition that his normal procedure on "pretty warm days" was to mop the floor following his delivery. According to Mr. Lynch, the first thing he did when arriving for a delivery was to get a mop from the supply closet. Mr. Lynch stated that he placed the mop by the ice machine in case there was moisture on the floor. In his deposition, Mr. Lynch showed familiarity with the location of the supply closet at the Milford Kroger.
 {¶ 12} After thoroughly reviewing the record, we find that the Hughes' negligence claim cannot withstand Home City's summary judgment motion. The claim is impermissibly based on speculation, conjecture, and the stacking of inferences. See Boles,153 Ohio St. at 388. In order to find negligence, the trier of fact would have to infer that (1) there was condensation on the ice bags due to the heat on the day of the accident; (2) due to the condensation, water from the bags dripped onto the floor while Mr. Lynch loaded the bags; (3) Mr. Lynch did not mop the floor after his delivery as he stated was his custom; (4) no one else spilled water on the floor next to the ice machine, which was located near the store's exit. While the above inferences might be permissible individually, together we find them too speculative to support the conclusion that Home City was responsible for the drops of water on the floor.
 {¶ 13} Based on the undisputed facts in the record, a reasonable jury could not find that Home City breached its duty of ordinary care. Accordingly, we overrule the Hughes' sole assignment of error, and affirm the judgment of the common pleas court.
Walsh and Young, JJ., concur.