OPINION
{¶ 1} Appellants Karen Arnold and Sharon Hammersley appeal the decision of the Court of Common Pleas, Licking County, which granted summary judgment in favor of Appellees Joe Ebel, et al., in a lawsuit alleging an employer's intentional tort. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellants were formerly employed as nurses in the Licking County Health Department. In approximately May 2004, a construction project, authorized by the Licking County Commissioners, commenced on the premises occupied by the Health Department. Appellants and other co-workers began noticing dust and particulates in their work areas resulting from the construction. Appellant Hammersley began experiencing shortness of breath and blood in her sputum on June 3, 2004. Hammersley Affid. at ¶ 9. On June 8, 2004, Appellant Arnold experienced severe coughing, and, after trying to wear a mask for about twenty minutes, had to go home. Arnold Affid. at ¶ 8-9. On June 9, 2004, Hammersley, Arnold, and two others went to the emergency room. Hammersley Affid. at ¶ 11. Arnold did not report back to work for several weeks; Hammersley worked until June 15, 2004, and then took several weeks of sick time as well. In July 2004, after they had returned to work, arrangements were made to have both appellants work in a different building.
 {¶ 3} On August 16, 2004, appellants filed an action in the Licking County Court of Common Pleas, seeking damages and injunctive relief against Licking County, the Licking County Health Department, Health Commissioner Joe Ebel, Health Commission Board President Steven Little, and Nursing Director Ellen Blair, and Supervisor Nancy Hanger. The complaint set forth claims of intentional tort, willful and wanton misconduct, and reckless disregard for appellants' health and safety. Appellees filed an answer on August 30, 2004.
 {¶ 4} Following discovery, appellees filed a motion for summary judgment against each appellant. Appellants filed a memorandum in opposition on January 17, 2006. On April 17, 2006, the trial court issued a judgment entry granting summary judgment in favor of appellees on all of appellants' claims.
 {¶ 5} Appellants filed a notice of appeal on May 17, 2006. They herein raise the following sole Assignment of Error:
 {¶ 6} "I. THE TRIAL COURT'S CONCLUSIONS OF LAW ON THE FACTUAL ISSUES BELOW IN ITS DETERMINATION ON APPELLANTS' INTENTIONAL TORT CLAIMS ARE CONTRARY TO LAW AND THE RULES OF EVIDENCE AND CIVIL PROCEDURE, SUCH THAT THE JUDGMENT BELOW MUST BE REVERSED."
 I. {¶ 7} In their sole Assignment of Error, appellants contend the trial court erred in granting summary judgment in favor of appellees on appellants' intentional tort claim. We disagree.
 {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * " A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
 {¶ 9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.
 {¶ 10} Section 35, Article II of the Ohio Constitution and R .C. 4123.74 provide an employer is immune from suit by its employees for occupational injuries except for injuries resulting from intentional torts. See Jones v. VIP Development Company (1984), 15 Ohio St.3d 90,472 N.E.2d 1046. In Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,570 N.E.2d 1108, the Ohio Supreme Court held that in order to establish "intent" for the purpose of proving the existence of an intentional tort committed by an employer against an employee, the following must be demonstrated: "(1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subject by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task." Id., at paragraph one of the syllabus. Proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Id., at paragraph two of the syllabus. In addition, "[a] dangerous condition, as defined in the employer intentional tort doctrine, must be something beyond the natural hazard of employment." Burkey v. Farris (June 30, 2000), Tuscarawas App. No. 1999AP030015, citing Taulbee v. Adience, Inc., BMI Div. (1997),120 Ohio App.3d 11, 17, 696 N.E.2d 625.
 Summary Judgment re: Licking County and the HealthDepartment {¶ 11} This court has recognized in several decisions that a governmental entity is not liable for the intentional torts of its employees. See, e.g., Hunt v. Washington Township, Tuscarawas App. No. 2001AP060059, 2001-Ohio-1734, citing Holzbach v. Jackson Township (July 26, 2000), Stark App. No. 1999CA00373, (additional citations omitted). Thus, even though the trial court did not reach this issue by concluding it was moot, we find summary judgment was proper in favor of Licking County and the Licking County Health Department based upon statutory governmental immunity under R.C. Chapter 2744. Accord Stanley v. City ofMiamisburg (Jan 28, 2000), Montgomery App. No. 17912.
 Summary Judgment re: Appellees in their IndividualCapacities {¶ 12} As we find the issue dispositive of the present appeal, we will focus our analysis on whether summary judgment was proper as to the second Fyffe requirement; i.e., as to the issue of whether appellees knew that if appellants were subjected by their employment to the dusty condition of the workplace (assuming, arguendo, this rose to the level of dangerousness), then harm to appellants would have been a substantial certainty. "Substantial certainty" has been defined as "more than merely a foreseeable risk and more than even a strong probability." Stine v.Ry. Transfer and Storage, Stark App. No. 2005 CA 00117, 2006-Ohio-398, ¶ 21, citing Kurisoo v. Providence Worcester Railroad Co. (C.A.2, 1995), 68 F.3d 591, 596.
 {¶ 13} In the case sub judice, the main portions of the record upon which appellants rely in opposition to summary judgment are the deposition of Appellant Karen Arnold, the deposition of Defendant-Appellee Ellen J. Blair, and the affidavits of Appellants Karen Arnold and Sharon Hammersley. Appellants assert that "Jeff," the construction crew foreman[1] had asked that some of the Health Department employees be moved out of the offices in the construction area. Appellants Brief at 3, citing Arnold Affid. at ¶ 7 and Hammersley Affid. at ¶ 8. Appellants also claim the construction company involved in the project had requested the building be temporarily vacated, but that the Licking County Commissioners declined on grounds of space availability. Appellants' Brief at 4, citing Ellen Blair Depo. at 21-22. We note Ms. Blair also recalled: "And prior to starting work with the wrecking ball, the construction foreman came through, stopped at my office, which was on the first floor — and asked that I notify the other offices that there would be repetitive pounding against the building. He asked that anything breakable be removed from the window sills and the walls, and said that there might be some particulate dust from the ceilings." Blair Depo. at 19, emphasis added. Blair denied ever receiving any memoranda from the construction company regarding the health and safety of the dust. Id. at 20.
 {¶ 14} We first note, as we recognized in Braglin v. LempcoIndustries, Inc., Perry App. No. 03 CA 13, 2004-Ohio-291, Ohio law permits plaintiff-employees to present expert testimony to demonstrate that an employer was aware that injury was substantially certain to occur. See Brewster v. Prestige Packaging, Inc., Butler App. No. CA2000-05-085, 2001-Ohio-4201, citing Walton v. Springwood Products,Inc. (1995), 105 Ohio App.3d 400, 405, 663 N.E.2d 1365. Although not necessarily fatal to their case, appellants have provided no such expert assistance in this matter.
 {¶ 15} More importantly, however, we have recognized that materials which are hearsay and are not of the evidentiary quality contemplated in Civ.R. 56(E) should not be considered by a trial court when ruling upon a motion for summary judgment. See Payne v. El Siesta Hotel (April 12, 2000), Delaware App. No. 99-CAE-10051. "To respond properly to a motion for summary judgment, the nonmoving party must set forth specific facts which are based on personal knowledge and would be admissible inevidence. A court may not consider inadmissible statements, such as hearsay or speculation, which are inserted into an opposing affidavit. If the opposing affidavits, disregarding the inadmissible statements, do not create a genuine issue of material fact, then the court may grant summary judgment, if the moving party is otherwise entitled to judgment." Southern Elec. Supply v. Patrick Elec. Co., Inc., Lorain App. No. 04CA008616, 2005-Ohio-4369, ¶ 10 (emphasis added), quotingState ex rel. Martinelli v. Corrigan (1991), 71 Ohio App.3d 243, 248. Ohio courts have defined "personal knowledge" as "knowledge gained through firsthand observation or experience, as distinguished from a belief based upon what someone else has said." Zeedyk v. AgriculturalSoc. of Defiance Cty. Defiance App. No. 4-04-08, 2004-Ohio-6187, ¶ 16, quoting Bonacorsi v. Wheeling Lake Erie Railway Co. (2002),95 Ohio St.3d 314, 320, 767 N.E.2d; Black's Law Dictionary (7th
Ed. Rev. 1999) 875.
 {¶ 16} In the case sub judice, appellants provided no depositions or affidavits from the construction workers, the commissioners, or any additional Health Department personnel (other than Ellen Blair) to provide firsthand evidence to the trial court on the critical "substantial certainty" question of Fyffe. The hurdle of establishing that an employer's conduct was more than negligence or recklessness "is a difficult standard to meet." See McGee v. Goodyear Atomic Corp.
(1995), 103 Ohio App.3d 236, 246, 659 N.E.2d 317. Yet a review of the record establishes that appellants have attempted to rely on affidavits which chiefly provide limited inadmissible hearsay evidence in regard to the second Fyffe prong.
 {¶ 17} Therefore, we are unable to find that reasonable jurors would conclude that appellees, in their individual capacities, had knowledge that if appellants were subjected by their employment to the dusty conditions in the building after the problem arose, then harm to appellants would be a substantial certainty. Accordingly, under the circumstances of this case, we hold that summary judgment in favor of appellees was properly granted on the intentional tort claims for appellants' failure to present a jury question on all three prongs ofFyffe.
 {¶ 18} Appellants' sole Assignment of Error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.
Wise, P. J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs to appellants.
[1] Appellants do not provide a last name for this individual.