OPINION
{¶ 1} Plaintiff-appellant, Frank Re, appeals the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Toni L. Kessinger. We affirm in part, reverse in part and remand.
 {¶ 2} Appellant is the administrator of the estate of Chad Re. Chad was employed as a mortgage broker at Midwest Financial and, in December 2003, he assisted appellee in *Page 2 
refinancing her home. Following the refinancing, Chad became friends with appellee and her boyfriend, Craig Anderson, and often visited appellee's residence thereafter.
 {¶ 3} Appellee met Anderson in July 2003 while Anderson was in prison by exchanging correspondence and telephone calls. Following his release from prison and a stay at a halfway house, Kessinger invited Anderson to stay at her home in Liberty Township.
 {¶ 4} After moving into appellee's residence, Anderson introduced appellee to crack cocaine and the pair began to use the drug regularly. According to appellee, Anderson began inviting people to her home to party and use crack. Appellee stated that an increasing number of people frequently trafficked through her home over time to party.
 {¶ 5} On May 5, 2004, the Butler County Sheriff's Office received a complaint referencing a man waving a handgun in front of appellee's residence. Deputy Dennis Eberle was dispatched to the residence, where he investigated the complaint. According to Eberle, Anderson was emotionally upset because his motorcycle had been stolen that day. Anderson told the deputy that he believed Chad Re had stolen the motorcycle and $4,000 from appellee's home. Anderson further stated that if the sheriff's office did not find the motorcycle in seven days he would "take care of it himself" and that if Chad came back onto the property he would be able to kill Chad as a trespasser. The deputy then discussed the situation with appellee during which she indicated that she believed Chad was not responsible for the theft. After speaking with appellee, the deputy indicated in his report that the person responsible for the thefts was unknown.
 {¶ 6} On May 11, 2004, appellee invited Chad over to her residence because she had not seen him in a few days. After finishing work that day, Chad went to appellee's residence.
 {¶ 7} According to Tom Cottle, appellee called Anderson on his cell phone to advise Anderson that Chad was at the residence. Anderson was driving Cottle toward a motel when *Page 3 
he received the call. Cottle also claimed that Anderson instructed appellee to keep Chad at the residence because he would be there in a few minutes. Cottle further testified that after receiving the call, Anderson changed directions and drove to the residence.
 {¶ 8} Upon arriving at the residence, Anderson confronted Chad and forced him into appellee's basement at gunpoint, yelling and questioning him about the stolen money and motorcycle. While in the basement, Anderson shot Chad in the back of the head.
 {¶ 9} After being shot, Chad made his way to the upstairs bathroom. Chad told appellee that he did not steal anything from her or Anderson and appellee promised Chad that she would get him help. Appellee claims that she asked Dimitrus Brazile to drive Chad to the hospital. However, Brazile testified that appellee instructed him to drive Chad down the road and dump his body in a field.
 {¶ 10} Around 8:00 p.m., Chad was placed in the backseat of his own car. Brazile drove the car and left it in an auto parts store parking lot. According to Brazile, he called 911 to report Chad's whereabouts. Chad was transported to the hospital and later died.
 {¶ 11} On May 12, 2005, appellant filed a complaint sounding in tort against appellee. On September 5, 2006, appellee filed a motion for summary judgment. Appellant filed a motion in opposition on November 30, 2006 and appellee filed a reply on December 11, 2006. On December 15, 2006, appellant filed a sur-reply and the affidavit of a witness, Michael Keenan. Appellee filed a motion to strike the sur-reply and affidavit. Thereafter, appellant filed a memorandum in opposition of the motion to strike or, in the alternative, motion for leave to file a sur-reply and affidavit, nunc pro tunc, along with a request for oral argument. On January 24, 2007, the trial court granted appellee's motion for summary judgment. In its decision, the trial court stated that it did not consider appellant's sur-reply or affidavit of Michael Keenan, making appellee's motion to strike, and appellant's subsequent motion, moot. Appellant timely appeals, raising three assignments of error. *Page 4 
 {¶ 12} Assignment of Error No. 1:
 {¶ 13} "THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT-APPELLEE, TONI KESSINGER."
 {¶ 14} Appellant argues in his first assignment of error that the trial court erred by granting appellee's motion for summary judgment. Appellant first argues the trial court erred in finding that Chad Re was a social guest, rather than an invitee. Further, appellant argues a genuine issue of material fact exists as to whether it was reasonably foreseeable to appellee that Anderson presented an unreasonable or substantial risk of harm to Chad Re.
 {¶ 15} Our review of a trial court's ruling on a motion for summary judgment is de novo. Broadnax v. Greene Credit Service (1997),118 Ohio App.3d 881, 887.
 {¶ 16} Civ.R. 56(C) states, in part, "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule."
 {¶ 17} Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56; Smith v. Five Rivers MetroParks (1999), 134 Ohio App.3d 754,760. The burden of demonstrating that there is no genuine issue of material fact is on the moving party. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made. Morris v. First NationalBank Trust Co. (1970), 21 Ohio St.2d 25. To prevail on a motion for summary judgment, the *Page 5 
moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. The nonmoving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
 {¶ 18} The elements of a negligence action are: (1) the existence of a legal duty; (2) the defendant's breach of that duty; and (3) a resulting injury that is proximately caused by defendant's breach. Mussivand v.David (1989), 45 Ohio St.3d 314, 318.
 {¶ 19} The existence of a duty is a question of law. Id. Generally, there is no duty to control the conduct of a third party by preventing him from causing harm to another, except in cases where there exists a special relationship between the actor and the third party which gives rise to a duty to control, or between the actor and another which gives the other the right to protection. Fed. Steel Wire Corp. v. RuhlinConstr. (1989), 45 Ohio St.3d 171, 173. Therefore, to find a defendant liable in negligence requires the determination of a special duty owed by that particular defendant. Id., citing Hill v. Sonitrol ofSouthwestern Ohio, Inc. (1988), 36 Ohio St.3d 36, 38. A defendant's duty to a plaintiff depends upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position.Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 645.
 {¶ 20} As a result, the scope and extent of appellee's duty in this case is defined by whether a special relationship existed between appellee and Chad Re due to Chad's legal status on appellee's property; and, if such relationship existed, whether it was foreseeable that Craig Anderson would injure Chad.
 Premises Liability {¶ 21} In premises liability cases, Ohio generally adheres to the common law *Page 6 
classifications of invitee, licensee, and trespasser. Gladon v. GreaterCleveland Reg. Transit Auth. (1996), 75 Ohio St.3d 312, 315. An "invitee" is a business visitor, that is, one who rightfully comes upon the premises of another by invitation, express or implied, for some purpose that is beneficial to the owner. Id. The occupier of the premises owes to an invitee the common-law duty of ordinary care and to protect the invitee by maintaining the premises in a safe condition. Id.
 {¶ 22} However, Ohio law also recognizes the additional classification of "social guest." Scheibel v. Lipton (1951), 156 Ohio St. 308, 330. A "social guest" is an individual who does not come to the property for a purpose, directly or indirectly, connected to business dealings with the possessor; rather, the use of the premises is extended to the individual merely as a personal favor. Doelker v. Ohio State University (C.C.1990),61 Ohio Misc.2d 69.
 {¶ 23} In Scheibel, the Ohio Supreme Court defined the duty an occupier of land has to a social guest. "A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition." Scheibel at paragraph 3 of the syllabus.
 {¶ 24} In this case, appellant argues that Chad Re was an invitee because appellee "stood to gain both emotional and financial benefit by inviting Chad over and complying with her boyfriend's request to get and keep Chad there so he could confront him."
 {¶ 25} In its decision, the trial court found that Chad Re was a social guest because, on May 11, 2004, Chad was not on appellee's property for a business purpose. Further, the *Page 7 
trial court noted that Chad went to appellee's residence because they were friends. The record supports the trial court's finding that a host and social guest relationship existed between Chad and appellee.
 Foreseeability {¶ 26} To find liability in negligence against a defendant based upon the criminal act of a third party, the plaintiff must demonstrate that the criminal act was foreseeable. Reitz v. May Co. Dept. Stores (1990),66 Ohio App.3d 188, 191-192. "Injury is foreseeable if a defendant knows or should have known that his act was likely to result in harm to someone." Simmers, 64 Ohio St.3d at 645. The foreseeability of criminal acts occurring on the premises is determined by using a totality of the circumstances test. Reitz at 192.
 {¶ 27} It is not necessary that the defendant should have anticipated the specific injury; it is sufficient if the defendant's action or inaction was likely to result in some injury. Palvides v. Niles GunShow, Inc. (1994), 93 Ohio App.3d 46, 52, citing, Mussivand,45 Ohio St.3d at 321.
 {¶ 28} Appellant argues that appellee had a duty to warn Chad because she invited him over to her home knowing that Anderson wanted to confront Chad and it was foreseeable that Anderson would injure him.
 {¶ 29} Because summary judgment is a procedural device designed to terminate litigation where there is nothing to try, it must be awarded with caution, and doubts must be resolved in favor of the nonmoving party. Davis v. Loopco Indus., Inc., 66 Ohio St.3d 64, 66,1993-Ohio-195. Summary judgment is not appropriate where the facts are subject to reasonable dispute when viewed in a light favorable to the nonmoving party. Mers v. Dispatch Printing Co. (1985),19 Ohio St.3d 100, 105-06.
 {¶ 30} However, summary judgment is appropriate where a nonmoving party fails to *Page 8 
respond with evidence supporting his claim(s). While summary judgment must be awarded with caution, and while a court in reviewing a summary judgment motion may not substitute its own judgment for the trier of fact in weighing the value of the evidence, to survive a summary judgment motion a claim must be more than merely colorable.Wing, 59 Ohio St.3d at 111.
 {¶ 31} The duty of a party resisting a motion for summary judgment is more than that of resisting the allegations in the motion. Baughn v.Reynoldsburg (1992), 78 Ohio App.3d 561, 563. This burden requires the nonmoving party "to produce evidence on any issue for which that the party bears the burden of production at trial." Wing at paragraph three of the syllabus; Welco Indus., Inc. v. Applied Companies (1993),67 Ohio St.3d 344, 346.
 {¶ 32} The nonmovant must present documentary evidence of specific facts showing that there is a genuine issue for trial and may not rely on the pleadings or unsupported allegations. Shaw v. Pollock Co.
(1992), 82 Ohio App.3d 656, 659. Opposing affidavits, as well as supporting affidavits, must be based on personal knowledge, must set forth facts as would be admissible into evidence, and must affirmatively show that the affiant is competent to testify on the matters stated herein. Civ.R. 56(E). "Personal knowledge" is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original and does not depend on information or hearsay." Carlton v.Davisson (1995), 104 Ohio App.3d 636, 646.
 {¶ 33} Under Civ.R. 56(C), the evidence which may be considered when ruling on a motion for summary judgment are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." These evidentiary restrictions exist with respect to materials which are submitted both in support of and in opposition to a motion for summary judgment.
 {¶ 34} Where a document falls outside the rule, the correct method for introducing *Page 9 
such items is to incorporate them by reference into a properly framed affidavit. Martin v. Central Ohio Transit Auth. (1990),70 Ohio App.3d 83, 89. Thus, Civ.R. 56(E) also states that "sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."
 {¶ 35} In support of her motion for summary judgment, appellee submitted an affidavit wherein appellee stated that she did not entice Chad to come to the residence. Appellee also stated that she had no personal knowledge of a plan to shoot or physically harm Chad. Further, appellee stated that she did not conspire to deprive Chad of medical attention and was advised that he would be transported to the hospital for medical care and treatment.
 {¶ 36} In opposition, appellant directs this court to consider the deposition of appellee and testimony of Detective Dennis Eberle, Tom Cottle and Demetrius Brazile from Craig Anderson's criminal proceeding.
 {¶ 37} Appellant cites evidence of Anderson's criminal history; specifically the illegal drug activity that Anderson brought to appellee's home and appellee's crack cocaine use after Anderson introduced her to the drug. Further, appellant cites appellee's deposition testimony where she states she feared Anderson and that Anderson threatened her the evening before he shot Chad. Appellant also notes Deputy Eberle's testimony that he responded to a report regarding a "male subject waving a handgun in front of [appellee's] residence." Deputy Eberle testified that Anderson stated that he would be able to "kill Mr. Re if he came back on to his property because if he trespassed it would be self-defense."
 {¶ 38} Appellant also relies on appellee's testimony that she was aware that Anderson believed Chad had stolen the motorcycle and $4,000 in cash, even though she believed that Chad was not responsible. Appellee also stated in her deposition that she knew Anderson wished to confront and talk to Chad about the allegedly stolen property.
 {¶ 39} In addition, appellant alleges that "Kessinger invited Chad to her home knowing *Page 10 
Anderson was looking for him." Appellant cites the testimony of Tom Cottle from Anderson's criminal trial. According to Cottle, appellee called Anderson to tell him that Chad was at her residence and Anderson instructed her to keep Chad at the residence. Based on this evidence, appellant argues that it was foreseeable to appellee that Anderson would injure Chad.
 {¶ 40} Appellee argues, however, that Cottle's testimony, specifically the statements attributed to Anderson, is hearsay as to her. Appellee argues that a court must adhere to the rules of evidence, only considering admissible evidence when ruling on a summary judgment motion. As a result, appellee argues that the hearsay statements attributed to Anderson may not be considered.
 {¶ 41} "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is not admissible as evidence absent an exception. Evid.R. 802.
 {¶ 42} Hearsay statements, unless an exception to the hearsay rule, are not admissible in a summary judgment context. Kinney v. KrogerCo. (2001), 146 Ohio App.3d 691, 696-697; Felker v. Schwenke (1998),129 Ohio App.3d 427, 431; DiPietro v. Lighthouse Ministries,159 Ohio App.3d 766, 2005-Ohio-639, ¶ 21 ("It is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment"); Arnold v. Ebel, Licking App. No. 06 CA 52,2007-Ohio-479, ¶ 15 ("materials which are hearsay and are not of the evidentiary quality contemplated in Civ.R. 56(E) should not be considered by a trial court when ruling upon a motion for summary judgment").
 {¶ 43} Clearly, the statements attributed to Anderson by Cottle are hearsay as to appellee, as they are statements not made by the declarant and offered by appellant to prove the truth of the matter asserted. These statements are not proper Civ.R. 56 evidence nor is the testimony of Cottle properly before the court. As a result, these statements are *Page 11 
inadmissible for consideration in appellant's motion for summary judgment.
 {¶ 44} Further, the testimony of Det. Eberle is also not proper Civ.R. 56 evidence. At Anderson's trial, Det. Eberle testified that appellee was not present while he talked to Anderson. Specifically, Det. Eberle testified that appellee was inside the residence while he spoke with Anderson and Anderson made the statements that he would "take care of it himself" and be able to kill Chad in self-defense for trespassing. Det. Eberle stated that he did not speak to appellee, nor was she present, until he went inside the residence. Consequently, Det. Eberle's testimony fails to establish that appellee had personal knowledge of the threats made by Anderson.
 {¶ 45} Without the testimony of Cottle, which we have found to be hearsay and not proper Civ.R. 56 evidence, and Det. Eberle, which imparts no knowledge of Anderson's threats to appellee, appellant has failed to show that the injury perpetrated by Anderson was foreseeable to appellee. Accordingly, we agree with the trial court's finding that no genuine issue of material fact exists. Appellant's first assignment of error is overruled.
 {¶ 46} Assignment of Error No. 2:
 {¶ 47} "THE TRIAL COURT ERRED IN FAILING TO RULE ON PLAINTIFF'S MOTION FOR LEAVE OF COURT TO FILE SUR-REPLY AND AFFIDAVIT OF MICHAEL KEENAN, NUNC PRO TUNC AND IN FAILING TO CONSIDER THE AFFIDAVIT OF MICHAEL KEENAN."
 {¶ 48} In his second assignment of error, appellant argues the trial court erred by failing to rule on appellant's motion for leave of court to file a sur-reply and the affidavit of Michael Keenan, nunc pro tunc. Additionally, appellant argues the trial court erred by failing to consider the affidavit of Michael Keenan in its summary judgment decision. Appellant asserts that the Keenan affidavit "provides relevant evidence to the precise issue the court focused on in granting Summary Judgment. Specifically, Keenan's testimony establishes *Page 12 
that Kessinger knew Anderson was dangerous, possessed the firearm Anderson used to shoot Chad and presented an unreasonable risk of harm." Appellant argues these omissions by the trial court are "contrary to fundamental considerations of fairness and justice."
 {¶ 49} It is well-settled that a trial court judge possesses inherent power to regulate court proceedings. State ex rel. Butler v. Demis
(1981), 66 Ohio St.2d 123, 128-129. "A ruling or order by the court affecting the conduct of trial will not be reversed unless the complaining party demonstrates a prejudicial abuse of discretion."Holm v. Smilowitz (1992), 83 Ohio App.3d 757, 771-772.
 {¶ 50} We first note that the civil rules provide no provisions for filing a sur-reply to a motion for summary judgment. See Altvater v.Claycraft Co. (Aug. 13, 1992), Wyandot App. Nos. 16-91-32, 16-91-33.
 {¶ 51} Second, Civ.R. 56(F) provides a procedure for a party opposing a summary judgment motion to gather additional information, such as the affidavit testimony of Michael Keenan. Civ.R. 56(F) states, "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."
 {¶ 52} In his brief, appellant's counsel states that he first learned of Michael Keenan's whereabouts at appellee's deposition on October 19, 2005 and began to search for Keenan with the hope to question him about the events at issue in the instant matter. Appellant's opposing memorandum was due and filed on November 30, 2006. Appellant's counsel states that Michael Keenan contacted him for the first time that same day. However, in his opposing memorandum, appellant made no reference to Keenan or the necessity for the affidavit or additional discovery. *Page 13 
 {¶ 53} Further, after obtaining the affidavit, appellant attempted to file it not under Civ.R. 56(F), but with a sur-reply and request for leave to file via a nunc pro tunc order. The purpose of a nunc pro tunc order is to "record officially an action or actions of a court actually taken but not duly recorded." State v. Brown (2000),136 Ohio App.3d 816, 819; see, also, McKay v. McKay (1985), 24 Ohio App.3d 74, 75. Nunc pro tunc orders "can be exercised only to supply omissions in the exercise of functions which are merely clerical," not to make substantive changes to a case. McKay at 75.
 {¶ 54} We find no abuse by the trial court because the civil rules contain no provision for an opposing party to file a sur-reply to a motion for summary judgment and appellant failed to properly follow civil procedure. Appellant's second assignment of error is overruled.
 {¶ 55} Assignment of Error No. 3:
 {¶ 56} "THE TRIAL COURT ERRED IN FAILING TO RULE ON PLAINTIFF'S CLAIM THAT DEFENDANT NEGLIGENTLY FAILED TO PROVIDE PROMPT MEDICAL CARE FOR HER INVITEE/SOCIAL GUEST AFTER BECOMING AWARE HE HAD BEEN SHOT IN HER HOME AND IN TERMINATING THE ENTIRE CASE WITH ADDITIONAL CLAIMS PENDING."
 {¶ 57} In his third assignment of error, appellant argues the trial court erred by failing to rule on the additional claims pending in the case, including appellant's claim that appellee failed to provide medical care for Chad.
 {¶ 58} In addition to alleging that appellee negligently injured Chad for failing to warn about Anderson, appellant also alleged in his complaint that: 1) appellee "carelessly, negligently, recklessly, wantonly and purposefully failed to report the criminal acts committed against the decedent, Chad Re;" 2) appellee "carelessly, negligently, recklessly, wantonly and purposefully failed to take reasonable steps to help the decedent, Chad Re, by administering medical treatment and/or calling an ambulance or medical professional to *Page 14 
assist Chad Re and/or by transporting Chad Re to the hospital"; and 3) appellee "assaulted, battered, and/or murdered, conspired to assault, batter or murder or in complicity with third-parties assaulted, battered or murdered the decedent, Chad Re."
 {¶ 59} In the case at bar, appellee moved for summary judgment on two of appellant's claims, for failure to warn and failure to provide medical treatment. In its decision, however, the trial court only addressed the failure to warn claim and granted summary judgment accordingly. Thereafter, following the summary judgment decision, the court ordered appellant's entire case closed.
 {¶ 60} The trial court erred by failing to address the failure to provide medical treatment claim in its decision and ordering the entire case closed when other causes of action remained pending. Appellant's third assignment of error is sustained.
 {¶ 61} Judgment affirmed, in part, reversed, in part, and remanded for further proceedings consistent with this opinion.
 YOUNG, P.J., and WALSH, J., concur. *Page 1