OPINION
{¶ 1} Plaintiff-appellant, Rebecca Koop, appeals from the Warren County Court of Common Pleas decision granting summary judgment in favor of defendant-appellee, *Page 2 
Speedway SuperAmerica, L.L.C. ("Speedway").[1] We affirm the trial court's decision.
 {¶ 2} On the morning of October 18, 2005, coffee was accidentally spilled on the floor of the Lebanon Speedway store located in Warren County. Shortly after the coffee spill was mopped up by a Speedway employee, appellant entered the store in order to purchase items for her lunch. After selecting her items, and while walking towards the checkout counter, appellant slipped and fell to the floor. Appellant, after being helped to her feet by another customer, paid for her items, left the store, walked to her car, and called for an ambulance.
 {¶ 3} Appellant filed suit against Speedway alleging it was negligent in its cleaning of the coffee spill. Speedway filed a motion for summary judgment, which the trial court granted. Appellant now appeals, raising one assignment of error.
 {¶ 4} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE SPEEDWAY SUPERAMERICA, LLC"
 {¶ 5} Appellant, in her first argument, essentially claims the trial court erred by failing to consider the "SSALLC Accident/Incident Report" ("Incident Report"), and corresponding witness statements, prior to granting Speedway's motion for summary judgment. Specifically, appellant claims the document provided to the trial court, i.e., the purported witness statement from Crystal Kelly, a former Speedway employee, either "constitutes a legal admission" under Evid. R. 801(D)(2)(d), or was part of a business record, and therefore, admissible for summary judgment purposes under Evid. R. 803(6).
 {¶ 6} When ruling on a motion for summary judgment, a trial court must consider only admissible evidence. Havely v. Franklin Cty., Franklin App. No. 07AP-1077, 2008-Ohio-4889, ¶ 24, *Page 3 
citing Tokles Sons, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 631, fn. 4. In addition, and pursuant to Civ. R. 56(C), the evidence that may be considered by the trial court when ruling on a motion for summary judgment are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action." Havely at ¶ 24; Re v. Kessinger, Butler App. No. CA2007-02-044, 2008-Ohio-167, ¶ 33. These evidentiary restrictions are applicable to both materials that are submitted in support of, and in opposition to, a motion for summary judgment. Kessinger at ¶ 33. Where a document falls outside of Civ. R. 56(C), the correct method for introducing such items is to incorporate them by reference into a properly framed affidavit. Id., citing Martin v. Central Ohio TransitAuth. (1990), 70 Ohio App.3d 83, 89.
 {¶ 7} Appellant initially argues in her brief that the trial court erred in failing to consider the alleged written statement of Crystal Kelly, a former Speedway employee, because the document constitutes a "legal admission," and therefore, it is admissible for summary judgment purposes under Evid. R. 801(D)(2)(d). This argument lacks merit.
 {¶ 8} In order for any document presented to be admissible evidence for summary judgment purposes, it must be accompanied by a personal certification that such document is, in fact, genuine. Bowmer v.Dettelbach (1996), 109 Ohio App.3d 680, 684, citing Biskupich v. WestbayManor Nursing Home (1986), 33 Ohio App.3d 220, 222-223. Documents submitted in opposition to a motion for summary judgment that are neither sworn or certified, nor authenticated by affidavit, have no evidentiary value and may not be considered by the trial court in ruling on a motion for summary judgment. See Schriever v. Burkhart (Jan. 21, 1992), Butler App. No. CA91-01-019, at *Page 4 
5 ("the failure to authenticate a document submitted on summary judgment renders the document void of evidentiary value"); see, also, Nadel v.Burger King Corp. (1997), 119 Ohio App. 3d 578, 588; Douglass v. SalemCommunity Hosp., 153 Ohio App.3d 350, 2003-Ohio-4006, ¶ 25. Moreover, written admissions must be signed and sworn before such documents are admissible evidence for summary judgment purposes. Schriever at 7.
 {¶ 9} In this case, there is no indication that the document purported to be an employee witness statement was sworn or certified, nor was there any evidence presented to establish its authenticity by affidavit. In fact, the only copy of the disputed document contained in the record is that of a photocopy attached to appellant's "Memorandum Contra to Defendant Speedway SuperAmerica, LLC Motion for Summary Judgment." As a result, without determining whether the disputed document is, in fact, an admission pursuant to Evid. R. 801(D)(2)(d), and therefore admissible in a summary judgment context, we find the trial court did not err by disregarding the document due to its lack of authenticity. SeeSchriever. Accordingly, appellant's first argument lacks merit.
 {¶ 10} Next, appellant, during oral argument, argued the document was part of the Incident Report, an alleged "business record," and therefore, admissible for summary judgment purposes under Evid. R. 803(6). We disagree.
 {¶ 11} As noted above, a trial court must consider only admissible evidence when ruling on a motion for summary judgment. Havely,2008-Ohio-4889 at ¶ 24. Hearsay statements, i.e. statements other than one made by the declarant while testifying at the trial or hearing offered in evidence to prove the truth of the matter asserted, are not *Page 5 
admissible evidence in a summary judgment context unless an exception to the hearsay rule applies. Evid. R. 801(C); Kessinger at ¶ 42. "An incident report could be considered an exception to the hearsay rule, but the report would have to be properly incorporated into an affidavit by a person with knowledge of the circumstances surrounding the preparation of the report." See Ray v. Ramada Inn North, 171 Ohio App.3d 1,2007-Ohio-1341, ¶ 52 (finding trial court did not err in refusing to consider the content of the incident report where the report was not properly incorporated into an affidavit); see, also, Sims v. AuroraInn (Dec. 23, 1994), Portage App. No. 93-P-0051, 1994 WL 738503 at 4
(finding trial court properly considered hotel incident report pending a motion for summary judgment because it was authenticated by an attached affidavit).
 {¶ 12} In this case, although appellant provided the trial court with the Incident Report, and alleged employee witness statements, the Incident Report was not incorporated into an affidavit and the witness statements were not attached to the submitted depositions as exhibits. Moreover, the deposition testimony of Kyle Banks, the former Speedway store manager, provides little insight into the authenticity of the alleged witness statements beyond his testimony that he was "pretty sure" he asked for them to be made. As a result, we find the Incident Report, and the alleged corresponding witness statements, do not meet the admissibility requirements of Civ. R. 56, and therefore, were not entitled to consideration by the trial court for summary judgment purposes.
 {¶ 13} Appellant, in her final argument, essentially claims that even if the trial court properly excluded the documents from its consideration, the court, nonetheless, erred by granting Speedway's motion for summary judgment. We disagree. *Page 6 
 {¶ 14} This court conducts a de novo review of a trial court's decision on summary judgment. White v. DePuy, Inc. (1999),129 Ohio App.3d 472, 478. In applying the de novo standard, we review the trial court's decision independently and without deference to the trial court's determination. Id. at 479. A court may grant summary judgment only when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence submitted that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C); Welco Indus., Inc. v. Applied Cos.,67 Ohio St.3d 344, 346, 1993-Ohio-191.
 {¶ 15} Store owners owe business invitees, such as appellant, "a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203, 203. However, store owners are not insurers against all types of accidents that may occur on their premises. Id.; S.S. Kresge Co. v.Fader (1927), 116 Ohio St. 718, 723. The fact that a patron is injured on the premises of a store owner does not by itself give rise to an inference of negligence. Kemper v. Builder's Square, Inc. (1996),109 Ohio App.3d 127, 134.
 {¶ 16} In order to avoid summary judgment in a "slip and fall" negligence action, such as the case here, the plaintiff must present evidence showing one of the following: (1) the defendant was responsible for placing the hazard in the plaintiff's path; (2) the defendant had actual notice of the hazard and failed to give the plaintiff adequate notice of its presence or remove it promptly; or (3) the hazard had existed for a sufficient length *Page 7 
of time as to warrant the imposition of constructive notice, i.e., the hazard should have been found by the defendant. Hughes v. KrogerCo., Clermont App. No. CA2005-10-099, 2006-Ohio-879, ¶ 6, citingSteelman v. Hyper Shoppes, Inc. (Apr. 18, 1994), Clermont App. No. CA93-11-079. Without such evidence, the plaintiff cannot prove that the defendant breached the duty of ordinary care to prevent accident or injury. See Cupp v. Zoz (Dec. 27, 1994), Butler App. No. CA94-06-122.
 {¶ 17} In addition to the requirements noted above, it is also incumbent upon the plaintiff to identify, or explain, the reason for her slip and fall. Stamper v. Middletown Reg. Hosp. (1989),65 Ohio App.3d 65, 68, citing Cleveland Athletic Assn. Co. v. Bending (1934),129 Ohio St. 152. Where the plaintiff, either personally or by outside witnesses, cannot identify what caused her slip and fall, a finding of negligence on the part of the defendant is precluded. O'Brien v. Bob Evans Farms,Inc., Trumbull App. No. 2003-T-106, 2004-Ohio-6948, ¶ 23; Smith v.Reschs Bakery (Dec. 10, 1987), Franklin App. No. 87AP-897, 1987 WL 27806
at 2.
 {¶ 18} In this case, the evidence presented indicates a Speedway employee mopped up a coffee spill mere moments before appellant slipped and fell as she approached the store checkout counter. However, appellant testified that she never saw anything on the floor, and that she did not know then, or even now, what caused her to slip and fall that morning. As a result, because appellant cannot identify, or explain, what caused her to slip and fall as she approached the store checkout counter, she has failed to present any evidence to survive summary judgment on the causation element of negligence. Bozsik v. Aldi,Inc., Summit App. No. 23146, 2006-Ohio-5880, ¶ 9. *Page 8 
 {¶ 19} Appellant, despite her inability to identify or explain what caused her to slip and fall, contends the deposition testimony of Banks, the former Speedway manager, "establishes facts from which a jury can conclude that [appellant] fell on the carelessly mopped up coffee spill." However, contrary to appellant's claim, Banks does not have any personal knowledge of what, if anything, caused her to slip and fall that morning. Instead, Banks, who testified that he "did not see [appellant] fall" because he was in the back storage room, and who also testified that he only learned about the incident from other employees, has personal knowledge only as to what happened after appellant slipped and fell to the floor. See Bozsik.
 {¶ 20} Specifically, Banks testified as follows:
 {¶ 21} "Q: * * * [D]id the coffee being on the floor have anything to do with her falling, to your knowledge?
 {¶ 22} "A: I did not see the accident, so I — * * * I was going by what was told to me and what I witnessed afterward, what I seen [sic] after the accident."
 {¶ 23} "* * *
 {¶ 24} "Q: * * *. Did you try and figure out what she fell in?
 {¶ 25} "A: I can't say for certain, but I — I kind of surveyed the scene trying to figure it out.
 {¶ 26} "Q: And what conclusion did you reach?
 {¶ 27} "A: Not until a few minutes later, where I think she was already gone, and just determined where she slipped at was damp * * *."
 {¶ 28} "Q: Oh. I see. Okay. So, you think it was the damp floor from the mopping, or do you think it was from the coffee? *Page 9 
 {¶ 29} "A: I can't say for certain. I mean —
 {¶ 30} "Q: But there was some dampness on the floor that she slipped on?
 {¶ 31} "A: Yes.
 {¶ 32} "Q: Okay. It could have been the coffee, it could have been the wet floor? True?
 {¶ 33} "A: Yes."
 {¶ 34} As this court has previously held, "[s]peculation or conjecture * * * [as to] what caused the fall is not sufficient to establish the premises owner's liability as a matter or law, because the issue of proximate cause is not open to speculation * * *." See Scott v. KingsIsland Co. (Feb. 16, 1999), Warren App. No. CA98-04-044, at 6-7. In turn, we find Banks' testimony, which indicated there was "some dampness" on the floor that, in his opinion, could have caused appellant to slip and fall, is nothing more than mere speculation. As a result, because speculation is an insufficient basis on which to establish a premises owner's liability as a matter of law, we find the trial court did not err in granting summary judgment to Speedway, and therefore, appellant's final argument lacks merit. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 35} Judgment affirmed.
BRESSLER, P.J., and POWELL, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar. *Page 1