OPINION
{¶ 1} Plaintiff-appellant, Michelle Baker, appeals from a judgment of the Franklin County Court of Common Pleas granting defendant-appellee, Ruth Beshears', motion for summary judgment. Because appellee has not established that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law, we reverse.
 {¶ 2} Appellant and appellee were personal friends. On or about May 10, 2004, appellee invited appellant to her home located at 560 East Royal Forest Blvd., Columbus, Ohio. Appellant had socialized with appellee in appellee's home on numerous prior *Page 2 
occasions. On this particular occasion, appellant intended to visit with appellee and to help her clean out her gutters.
 {¶ 3} Prior to appellant's arrival, appellee's dog urinated on the carpet in appellee's living room. Appellee applied a cleaning solution to the urine stain prior to appellant's arrival. It is undisputed that appellant previously had observed dog urine stains on appellee's carpet.
 {¶ 4} Appellant entered appellee's home through the backdoor and went into the living room. Appellee did not tell appellant that she recently applied a cleaning solution to the carpet stain. Nor was appellant aware that appellee had recently treated a carpet stain with a cleaning solution. Apparently, at some point during the visit, appellant walked through the treated carpet stain. Appellant was wearing work boots and did not know that she had walked through the treated carpet stain. When appellant stepped from the carpet onto the linoleum floor on her way to the front door, she slipped, fell to her knees, and sustained personal injuries.
 {¶ 5} On April 21, 2006, appellant sued appellee for negligence. Ultimately, the trial court granted judgment in appellee's favor pursuant to appellee's motion for summary judgment. Appellant now appeals, assigning the following error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR THE DEFENDANT-APPELLANT WHEN GENUINE ISSUES OF MATEIRAL FACT EXISTS IN THE CASE TO BE DETERMINED BY A JURY.
 {¶ 6} We begin by noting that appellate review of a decision granting summary judgment is de novo. Carcorp, Inc. v. Chesrown Oldsmobile-GMCTruck, Inc., Franklin App. No. 06AP-329, 2007-Ohio-380, at ¶ 11;Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, *Page 3 
the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star BancCorp. (1997), 122 Ohio App.3d 100, 103.
 {¶ 7} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd.
(1997), 78 Ohio St.3d 181, 183; Harelss v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66.
 {¶ 8} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Todd Dev.Co., Inc. v. Morgan, 116 Ohio St.3d 461, 2008-Ohio-87, at ¶ 12. The moving party, however, cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims Id.; Vahila v. Hall (1997), 77 Ohio St.3d 421.
 {¶ 9} In her only assignment of error, appellant contends that the trial court erred when it granted summary judgment for appellee. We agree.
 {¶ 10} Although appellant initially argued in the trial court that she was a business invitee, she now concedes that she was a social guest in appellee's home at the time of *Page 4 
the accident. In Scheibel v. Upton (1951), 156 Ohio St. 308, the Supreme Court of Ohio articulated the duty owed by a host to a social guest.
 A host who invites a social guest to his premises owes the guest the duty (1) to exercise ordinary care not to cause injury to his guest by any act of the host or by any activities carried on by the host while the guest is on the premises, and (2) to warn the guest of any condition of the premises which is known to the host and which one of ordinary prudence and foresight in the position of the host should reasonably consider dangerous, if the host has reason to believe that the guest does not know and will not discover such dangerous condition.
Id. at paragraph three of the syllabus.
 {¶ 11} The second part of the Scheibel standard is relevant here. Because appellant was a social guest, appellee had a duty to warn her of any dangerous condition on the premises that was known to appellee if appellee had reason to believe that appellant was not aware of the dangerous condition and would not likely discover it herself. Stated more directly, assuming the treated urine stain was a dangerous condition, appellee had a duty to warn appellant of that condition if appellee had reason to believe that appellant was unaware of the condition and would not likely discover it on her own.
 {¶ 12} Although both parties and the trial court refer to appellant's deposition testimony, appellant's deposition was never filed. Therefore, appellant's deposition testimony is not part of the record on appeal and we may not consider it. Bush v. Beggrow, Franklin App. No. 03AP-1238,2005-Ohio-2426, at fn. 7; Cottrill v. Knaul, Marion App. No. 9-07-12,2007-Ohio-5196, at fn. 1. Appellee attached her affidavit to her motion for summary judgment. Appellant attached her affidavit to her memorandum in *Page 5 
opposition to appellee's motion. Therefore, our examination of the evidence is limited to these two affidavits. Civ.R. 56(C).
 {¶ 13} Although it is undisputed that during previous visits to appellee's residence, appellant observed dog urine stains on appellee's carpet, it was appellee's application of the cleaning solution to the stain, not the stain itself, that created the potential hazard. Appellant states in her affidavit that she was unaware that appellee applied a cleaning solution to the urine stain in question prior to appellant's arrival. There is no evidence in the record that appellee had reason to believe that appellant knew of or would readily discover the treated stain. Therefore, appellee failed to specifically point to Civ.R. 56(C) evidence affirmatively demonstrating that appellant lacked evidence to support her claims. Vahila, supra. In the absence of Civ.R. 56(C) evidence that appellant was aware of the treated stain or that appellant was likely to discover it on her own, appellee was not entitled to summary judgment.
 {¶ 14} Accordingly, we sustain appellant's sole assignment of error. We reverse the judgment of the Franklin County Court of Common Pleas and remand the case for further proceedings in accordance with law and this opinion.
Judgment reversed and cause remanded.
 BRYANT and SADLER, JJ., concur. *Page 1