[Cite as *Bank of Am., N.A. v. Robledo*, 2014-Ohio-1185.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Bank of America, N.A.,                    :

     Plaintiff-Appellee,              :

                                    No. 13AP-278

v.                                        :      (C.P.C. No. 11CV-012152)

Hector Robledo et al.,                    :      (REGULAR CALENDAR)

     Defendants-Appellants.           :

---

D E C I S I O N

Rendered on March 25, 2014

---

*McGlinchey Stafford*, *Kimberly Y. Smith Rivera*, **and**
*James S. Wertheim*, **for appellee.**

*Doucet & Associates, Inc.*, **and** *Troy J. Doucet*, **for appellants.**

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Defendants-appellants, Hector Robledo and Patricia Robledo, appeal from a judgment of the Franklin County Court of Common Pleas denying their motion for summary judgment and granting summary judgment in favor of plaintiff-appellee, Bank of America, N.A. For the reasons that follow, the judgment of the trial court is affirmed in part and reversed in part.

I. BACKGROUND

{¶ 2} On August 31, 2005, appellants executed a promissory note in favor of America's Wholesale Lender ("AWL") in the amount of $225,600 to finance the purchase of real property located at 4245 Heather Louise Court, Grove City, Ohio. Appellants also

executed a mortgage against the property in favor of AWL. The mortgage and note were assigned to BAC Home Loans Servicing L.P. ("BAC") on December 31, 2009.

{¶ 3} On September 29, 2011, appellee filed a complaint for foreclosure alleging that both the note and mortgage were in default. Appellants filed an answer and asserted four counterclaims, specifically, fraud, violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. ("FDCPA"), violation of Ohio's Consumer Sales Practices Act, and breach of contract. After mediation attempts failed, appellee filed a motion for summary judgment seeking judgment in its favor on its asserted claims and the counterclaims asserted by appellants. Appellants filed their own motion for summary judgment seeking judgment on their counterclaims.

{¶ 4} On March 4, 2013, the trial court filed a judgment entry granting appellee's motion for summary judgment. The following day, the trial court filed a decision granting appellee's motion for summary judgment and denying appellants' motion for summary judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellants appealed the judgment of the trial court and bring three assignments of error for our review:

> I. The trial court erred when it entered summary judgment in BANA's favor on the Robledos' counterclaim for breach of contract.
>
> II. The trial court erred when it entered summary judgment in BANA's favor on the Robledos' counterclaim for violation of the FDCPA.
>
> III. The trial court erred when it entered summary judgment in BANA's favor on its claims.

## III. DISCUSSION

### A. Standard of Review

{¶ 6} We review a summary judgment motion de novo. *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711 (4th Dist.1993). When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as

the trial court and conducts an independent review, without deference to the trial court's determination. *Maust v. Bank One Columbus, N.A.*, 83 Ohio App.3d 103, 107 (10th Dist.1992); *Brown* at 711. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 7} Pursuant to Civ.R. 56(C), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 8} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). " 'The requirement that a party seeking summary judgment disclose the basis for the motion and support the motion with evidence is well founded in Ohio law.' " *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), quoting *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988). Thus, the moving party may not fulfill its initial burden simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. *Dresher* at 293. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.* If the moving party has satisfied its initial burden under Civ.R. 56(C), then "the nonmoving party * * * has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id.*

## B.  Final Appealable Order

{¶ 9}   In its appellate brief, appellee contends that, because appellants filed a faulty notice of appeal, this appeal must be dismissed for lack of a final, appealable order. Appellants' notice of appeal states:

> Notice is hereby given that Defendants Hector Robledo and Patricia Robledo appeal to the Court of Appeals of Franklin County, Ohio, Tenth Appellate District from the "Decision Granting Plaintiff's Motion for Summary Judgment Filed September 12, 2012; Denying Defendants' Motion for Summary Judgment Filed September 26, 2012; and Granting Plaintiff's Motion for Leave Filed October 3, 2012," entered in this action on the 5th day of March, 2013.

{¶ 10} According to appellee, appellants' notice of appeal fails to reference the trial court's March 4, 2013 judgment entry and, instead, references only the March 5, 2013 decision, which is not a final, appealable order.  Therefore, appellee asserts that this court lacks jurisdiction to review this matter and that we must sua sponte dismiss this appeal.

{¶ 11} The Ohio Rules of Appellate Procedure specify the means for perfecting an appeal from an adverse judgment.  "An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4."  App.R. 3(A). The timeliness of an appeal is determined by reference to App.R. 4(A), which requires a party to file a notice of appeal "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

{¶ 12} The timely filing of a notice of appeal is the only jurisdictional requirement for perfecting a valid appeal.  *Transamerica Ins. Co. v. Nolan*, 72 Ohio St.3d 320 (1995), syllabus.  "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." App.R.  3(A).  Thus, the Supreme Court of Ohio has held that "[w]hen presented with other defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion."  *Id.* at 322.

{¶ 13} Appellee argues dismissal is required because the notice of appeal does not designate the March 4, 2013 judgment as required by App.R. 3(D). To the contrary, appellants contend that, because their notice of appeal was timely filed after the trial court entered final judgment in the case, their appeal should not be dismissed. App.R. 3(D) sets forth the required content of a notice of appeal and states, in pertinent part, that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken."

{¶ 14} This court has rejected the contention that a defect in a notice of appeal that has been timely filed from a final judgment defeats jurisdiction. *Cook v. Smith*, 10th Dist. No. 12AP-489, 2012-Ohio-4951; *Interstate Gas Supply, Inc. v. Calex Corp.*, 10th Dist. No. 04AP-980, 2006-Ohio-638. When presented with non-jurisdictional defects in a notice of appeal, this court has discretion to determine whether sanctions, including dismissal, are warranted. "When presented with a notice of appeal that fails to comply with [the requirement that the notice designate the judgment or order being appealed], an appellate court must determine whether the notice served its intended purpose despite its defect." *Paasewe v. Wendy Thomas 5 Ltd.*, 10th Dist. No. 09AP-510, 2009-Ohio-6852, ¶ 10, citing *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259-60 (1982). The purpose of a notice of appeal is to apprise the opposing party of the taking of an appeal. *Maritime Mfrs.* at 259. In determining whether dismissal is warranted, we may also consider other factors, such as whether an appellant's mistake was made in good faith, whether prejudice arose as a result of the mistake, whether dismissal would constitute a disproportionate sanction, whether the client would be punished for counsel's action, and whether dismissal frustrated the overriding objective of deciding cases on their merits. *Cook* at ¶ 22.

{¶ 15} Here, we have a single case and a single, final, appealable order. The notice of appeal was timely filed within 30 days of the trial court's final order; therefore, we possess jurisdiction over this appeal and decline appellee's request to sua sponte dismiss this appeal. Further, we conclude that the notice of appeal included sufficient information to reasonably alert appellee of the existence of appellants' appeal. Moreover, appellee has

not alleged, nor do we find, that appellee has suffered any prejudice or surprise or was materially mislead by the notice of appeal.

{¶ 16} Accordingly, we deny appellee's request to sua sponte dismiss this matter for lack of jurisdiction.

## C. First Assignment of Error

{¶ 17} In their first assignment of error, appellants contend the trial court erred in granting judgment in favor of appellee on appellants' counterclaim for breach of contract. Appellants' breach of contract claim arises from BAC's failure to offer them a permanent Home Affordable Modification Program ("HAMP"). According to appellants, in April 2010, they and BAC entered into a Trial Period Plan ("TPP") under HAMP. Appellants assert that, pursuant to their agreement, if they made three timely payments of $1,143.33 by June 1, July 1, and August 1, 2010, their loan payments would be redetermined and they would be mailed a permanent modification agreement. Though asserting the requisite payments were made, appellants allege BAC breached the TPP agreement by "fail[ing] to send [appellants] a permanent loan modification agreement." (Feb. 6, 2012 Amended Answer and Counterclaims, 16.) Appellants contend the TPP was an enforceable contract, they performed their obligations under it, and appellee is liable for BAC's breach of the TPP and resulting damages to appellants.

{¶ 18} The language of the TPP agreement, however, belies appellants' position. The document upon which appellants rely on as a contract states, in pertinent part:

> I understand that after I sign and return two copies of this Plan to the Servicer, the Servicer will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both I and the Servicer sign it and Servicer provides me with a copy of this Plan with the Servicer's signature.
>
> * * *
>
> (G) I understand that the Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the

> Servicer will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Plan.

{¶ 19} To establish a breach of contract claim under Ohio law, one must establish: (1) the existence of a valid contract, (2) performance by the plaintiff, (3) non-performance by the defendant, and (4) damages resulting from the defendant's breach. *Yoder v. Hurst*, 10th Dist. No. 07AP-121, 2007-Ohio-4861, ¶ 27. By its very language, the TPP indicates it is not a binding contract unless signed by both appellants and BAC. There is no allegation, nor supporting evidence, that BAC found appellants qualified under HAMP and provided appellant a TPP agreement signed by BAC. *Goss v. ABN AMRO Mtge. Group*, 6th Cir. No. 12-2627 (Dec. 20, 2013) (TPP not a binding contract because not signed by both the borrower and the lender).

{¶ 20} Further, the language of the TPP indicates it is not an offer of permanent loan modification, and courts have consistently concluded such documents are not promises to modify a borrower's loan. *Ortega v. Wells Fargo Bank, N.A.*, N.D.Ohio No. 3:11CV01734 (Jan. 31, 2012) (a defendant's failure to provide a permanent loan modification solely on the basis of the existence of a TPP does not sufficiently state a breach of contract claim); *Goss* (an initial TPP document is not necessarily a promise to modify a loan), citing *Fed. Home Loan Mtge. Corp. v. Hassell*, E.D.Mich. No. 11-14564 (Mar. 6, 2013); *Brady v. Chase Home Fin., LLC*, W.D.Mich. No. 11-838 (May 24, 2012); *Helmus v. Chase Home Fin., LLC*, 890 F.Supp.2d 806, 815 (W.D.Mich.2012) ("By its plain terms, the TPP makes it clear that it was not an offer, and would not become binding on Chase until the contract was signed and returned to Plaintiffs, which it was not. As a result, there was no offer for Plaintiffs to accept.").

{¶ 21} Because the TPP is neither a promise nor a binding contract, appellants' breach of contract claim must fail. Accordingly, we find the trial court did not err in granting summary judgment in favor of appellee on appellants' claim for breach of contract and overrule appellants' first assignment of error.

**D. Second Assignment of Error**

{¶ 22} In their second assignment of error, appellants contend the trial court erred in granting summary judgment in favor of appellee on appellants' counterclaim for violations of the FDCPA.

{¶ 23} To establish a claim under the FDCPA, "a plaintiff must establish that: (1) he or she is a 'consumer' as defined by 15 U.S.C. 1692a(3); (2) the 'debt' arises out of transactions that are 'primarily for personal, family, or household purposes,' 15 U.S.C. 1692a(5); (3) the defendant is a 'debt collector' as defined by 15 U.S.C. 1692a(6); and (4) the defendant violated any of the prohibitions of 15 U.S.C. 1692e." *United States Bank Natl. Assn. v. Gray*, 10th Dist. No. 12AP-953, 2013-Ohio-3340, ¶ 39, citing *Whittaker v. Deutsche Bank Natl. Trust Co.*, 605 F.Supp.2d 914, 926 (N.D.Ohio 2009).  Failure to prove any one of these elements is fatal to a plaintiff's FDCPA claim. *Id.*

{¶ 24} As stated in *Gray*, for purposes of the FDCPA, "debt collector" means " 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.' " *Id.* at ¶ 40, quoting 15 U.S.C. 1692a(6).  Thus, the FDCPA establishes two alternative predicates for "debt collector" status: either engaging in debt collection as the "principal purpose" of the entity's business or "regularly" engaging in debt collection. *Id.*, citing *Hester v. Graham, Bright & Smith, P.C. & R.*, 289 Fed.Appx. 35, 41 (5th Cir.2008); *Oppong v. First Union Mtge. Corp.*, 215 Fed.Appx. 114, 118 (3d Cir.2007); *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir.2004); *see also Wells Fargo Bank, N.A. v. Gerst*, 5th Dist. No. 13 CAE 05 0042, 2014-Ohio-80, ¶ 29 (it is well-established creditors and mortgage service companies are not debt collectors and are not subject to liability under the FDCPA), citing *RBS Citizens, N.A. v. Zigdon*, 8th Dist. No. 93945, 2010-Ohio-3511, citing *Scott v. Wells Fargo Home Mtge. Inc.*, 326 F.Supp.2d 709 (E.D.Va.2003).  *See also Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir.2003).

{¶ 25} Here, appellants presented no evidence that appellee satisfies the predicates for debt collector status under the FDCPA.  Accordingly, we find the trial court did not err

in granting summary judgment in favor of appellee on appellants' claim for violations of the FDCPA and overrule appellants' second assignment of error.

### E. Third Assignment of Error

{¶ 26} In their third assignment of error, appellants contend the trial court erred in granting summary judgment in favor of appellee on the claims asserted in its complaint.

{¶ 27} Under this assigned error, appellants first argue the record contains no evidence that appellee satisfied the conditions of the mortgage and note prior to filing the foreclosure action. Appellants asserted this same argument in their answer as well as their memorandum contra to appellee's motion for summary judgment. Paragraph 22 of the mortgage provides:

> Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

{¶ 28} Paragraph 9(C) of the note provides:

> If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date

> must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

{¶ 29} In support of its motion for summary judgment, appellee submitted the affidavit of one its officers, James Sherman Graham. In his affidavit, Graham averred that appellants defaulted on the note and that the indebtedness had been accelerated. Graham further averred that the balance due on the loan is the principal sum of $220,286.97 plus interest at 3.750 percent per annum from November 1, 2009 through August 31, 2010, plus interest at the rate of 3.375 percent per annum from September 1, 2010 through August 31, 2011, plus interest at the rate of 3.00 percent per annum from September 1, 2011.

{¶ 30} Several appellate courts have found that, in foreclosure actions, the affidavit of a loan servicing agent employee with personal knowledge provides sufficient evidentiary support for summary judgment in favor of the mortgagee. *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19; *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2012-P-0024, 2012-Ohio-5833 (affidavit executed by employee of loan servicing agent for bank established that written notice of default was sent to borrower in accordance with the terms of the note and mortgage); *JP Morgan Chase Bank, N.A. v. Ackerman*, 5th Dist. No. 13CA17, 2013-Ohio-5010 (summary judgment affirmed where affidavit from the vice president of loan documentation for the bank's servicing agent contained all the averments necessary to support the bank's motion). While this affidavit established appellants' default, debt acceleration, and the balance due, Graham's affidavit contains no mention or indication of compliance with the notice provisions contained in the mortgage and note.

{¶ 31} In arguing compliance with the mortgage and note provisions, appellee attached excerpts of Michael Watkins' deposition to its appellate brief. Specifically, appellee attached deposition pages 66 through 69, which, according to appellee, establish compliance with paragraph 22 of the mortgage and paragraph 9(C) of the note. In its appellate brief, appellee contends Watkins' complete deposition was filed in the trial court on September 26, 2012. Our review of the record, however, reveals that this is not so.

{¶ 32} On September 26, 2012, appellants filed a memorandum contra to appellee's motion for summary judgment and attached deposition pages 89 and 91

through 93.  Also, on September 26, 2012, appellants filed their own motion for summary judgment and included excerpts of Watkins' deposition in support.  The excerpts submitted by appellants included deposition pages 62 through 65 and page 107.  With their reply in support of their motion for summary judgment, appellants included deposition pages 19 and 20.  Watkins' complete deposition, however, was not made a part of the record in this case as the deposition was not filed until April 2, 2013, which is the date appellants filed their notice of appeal.  Additionally, while the trial court's decision and judgment entry specifically reference Graham's affidavit, neither references Watkins' deposition testimony.

{¶ 33} Because Watkins' deposition was not filed in the trial court, it is not part of the record on appeal and we may not consider it.  It is well-settled that "[a]ppellate review is limited to the record as it existed at the time the trial court rendered its judgment." *Franks v. Rankin*, 10th Dist. No. 11AP-962, 2012-Ohio-1920, ¶ 73, citing *Wiltz v. Clark Schaefer Hackett & Co.*, 10th Dist. No. 11AP-64, 2011-Ohio-5616, ¶ 13.  Nor can " '[a] reviewing court * * * add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.' "  *Id.*, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus; *Baker v. Beshears*, 10th Dist. No. 07AP-488, 2008-Ohio-1374, ¶ 12, citing *Bush v. Beggrow*, 10th Dist. No. 03AP-1238, 2005-Ohio-2426, fn. 7; *Cottrill v. Knaul,* 3d Dist. No. 9-07-12, 2007-Ohio-5196, ¶ 8, fn. 1.

{¶ 34} Accordingly, we must conclude appellee failed to present evidence in accordance with Civ.R. 56 establishing that it provided appellants with written notice of default and acceleration of payment as required by the mortgage such that its motion for summary judgment was not properly supported.

{¶ 35} Because appellee's motion for summary judgment was not properly supported, we must conclude the trial court erred in granting appellee's motion for summary judgment.  Accordingly, appellants' third assignment of error is sustained.

## IV.  CONCLUSION

{¶ 36} For the foregoing reasons, appellants' first and second assignments of error are overruled, and appellants' third assignment of error is sustained.  Consequently, the

judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court for further proceedings.

*Judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

DORRIAN and O'GRADY, JJ., concur.

_____