[Cite as *Bank of New York Mellon v. Brock*, 2014-Ohio-3085.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2014-01-003 |
| | : | O P I N I O N |
| - vs - | | 7/14/2014 |
| | : | |
| WAVELENE BROCK, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 12 CV 81441


Reisenfeld & Associates, LPA, LLC, Brian E. Chapman, Gregory A. Stout, 3962 Red Bank Road, Cincinnati, Ohio 45227 and Sikora Law LLC, Michael J. Sikora III, Richard T. Craven, 88 West Main Street, Columbus, Ohio 43215, for plaintiff-appellee

Doucet & Associates Co., L.P.A., Troy J. Doucet, Patrick G. Warner, 700 Stonehenge Pkwy., Suite 2B, Dublin, Ohio 43017, for defendants-appellants, Wavelene & Carlos Brock

David P. Fornshell, Warren County Prosecuting Attorney, Christopher A. Watkins, 500 Justice Drive, Lebanon, Ohio 45036, for defendant, Warren County Treasurer


**HENDRICKSON, P.J.**

{¶ 1} Defendants-appellants, Wavelene and Carlos Brock, appeal from a decision of

the Warren County Court of Common Pleas granting summary judgment in favor of plaintiff-

appellee, The Bank of New York Mellon (BONYM), on appellants' counterclaim for violations

of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, et seq. For the reasons set forth below, we reverse the decision of the trial court and remand the matter for further proceedings.

{¶ 2} On April 24, 2006, Wavelene executed a promissory note in favor of America's Wholesale Lender (AWL) in the principal amount of $262,500. Both Wavelene and her husband, Carlos, executed a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), as the nominee for AWL, to secure the note. The mortgage encumbered the property located at 5350 State Route 123 in Franklin, Ohio (State Route property). This transaction allowed appellants to pay off their previous mortgage and to give approximately $80,000 in loan proceeds to their son, Jimmy D. Brock.

{¶ 3} At some point, the promissory note was endorsed in blank by Countrywide Home Loans, Inc., doing business as AWL, and the note and mortgage were assigned to BONYM. In February 2012, BONYM filed a complaint in foreclosure. In its complaint, BONYM stated it was the holder of the promissory note secured by the mortgage on the State Route property and the note had been defaulted on in the amount of $290,693.05, together with interest at the rate of 7.25 percent per annum from June 1, 2008. BONYM further alleged it had a valid first lien on the property and sought to have the mortgage foreclosed, the property sold, and the proceeds distributed. Appellants filed an answer setting forth several defenses to the action, including asserting that BONYM did not have the right to enforce the promissory note as it was not a holder in due course and the note was not properly endorsed to BONYM. Additionally, appellants argued Wavelene was incompetent and lacked the capacity to enter into a contract at the time of the loan transaction.

{¶ 4} Appellants also filed three counterclaims against BONYM, asserting BONYM violated the Truth in Lending Act (TILA), 15 U.S.C. 1602 et seq., the Real Estate Settlement

Procedures Act (RESPA), 12 U.S.C. 2601 et seq., and the FDCPA, 15 U.S.C. 1692 et seq. With respect to their TILA and RESPA claims, appellants asserted Bank of America, a prior servicer of the loan, violated federal law when it failed to timely respond to a "qualified written request" under 15 U.S.C. 1641(f)(2) and failed to disclose the phone number of the owner of the loan, and that BONYM was vicariously liable for such acts. As for their FDCPA claim, appellants alleged BONYM was a "debt collector" subject to the Act as BONYM did not acquire possession of the promissory note until after appellants' default on the terms of the note. Appellants further alleged BONYM engaged in false, deceptive, or misleading representations in an effort to collect the debt, including: (1) falsely representing the legal status, character, or amount of the debt; (2) failing to identify the true owner of the debt and claiming an ownership interest in the note to avoid application of the FDCPA; (3) falsely representing or implicating that the debt had been turned over to innocent purchasers for value; and (4) attempting to collect amounts and fees not authorized by the mortgage. BONYM filed a reply, denying appellants' allegations that it committed violations of TILA, RESPA, and the FDCPA.

{¶ 5} On November 6, 2013, BONYM moved for summary judgment, seeking to have judgment entered in its favor on its complaint in foreclosure and on appellants' counterclaims. BONYM argued it was entitled to foreclose on appellants' State Route property as it was the holder of the note and mortgage, appellants had failed to make their monthly installment payments, and the debt had been lawfully accelerated. With respect to appellants' counterclaims, BONYM argued it was entitled to summary judgment as it could not be held liable under TILA and RESPA for the alleged improper conduct of a prior loan servicer and it could not be held liable under the FDCPA as it was not a "debt collector" as defined by 15 U.S.C. 1692a(6). In support of its motion for summary judgment, BONYM submitted deposition testimony from Wavelene, Carlos, and Jimmy, as well as the affidavits of Mark

Florence, a title agent with knowledge about the State Route property, and Zachary Jaffe, a litigation manager with BONYM's loan servicer, Bayview Loan Servicing (Bayview).

{¶ 6} Appellants simultaneously filed a memorandum in opposition to BONYM's motion for summary judgment and a motion to strike Jaffe's affidavit. In their motion to strike, appellants argued Jaffe's affidavit did not comport with the requirements of Civ.R. 56(E) as not all documents referred to in the affidavit were attached to or served with the affidavit. Appellants argued that, at a minimum, paragraphs 11 and 16 of the affidavit should be stricken as they referred to a "PSA" that was not attached to Jaffe's affidavit and was not otherwise introduced into evidence.

{¶ 7} In their memorandum opposing summary judgment, appellants argued genuine issues of material fact existed that made granting summary judgment improper. Specifically, appellants argued issues of fact existed as to whether Wavelene had the capacity to enter into a contract at the time the promissory note and mortgage were executed, whether BONYM could be held vicariously liable for Bank of America's TILA and RESPA violations, and whether BONYM had obtained possession of the promissory note after appellants' default in repayment and was therefore a "debt collector" subject to the FDCPA. In support of their memorandum in opposition, appellants attached BONYM's responses to discovery requests, deposition testimony from Jaffe, and the affidavits of Carlos, Wavelene, R. Mitchell Daniels, a retired loan officer, and Jolie S. Brams, a licensed clinical psychologist.

{¶ 8} On December 2, 2013, the trial court issued a decision denying appellants' motion to strike Jaffe's affidavit. The trial court held that "the form of the Jaffe affidavit is proper under the Civil Rules as it is based on affiant's personal knowledge and may be offered to support BONYM's motion for summary judgment." That same day the trial court issued a decision denying in part and granting in part BONYM's motion for summary judgment. The trial court denied BONYM's motion for summary judgment on its foreclosure

claim, finding a genuine issue of material fact existed regarding Wavelene's capacity to enter into contractual obligations. However, the trial court found BONYM was entitled to judgment on all of appellants' counterclaims. The court concluded appellants could not recover on their TILA and RESPA claims pursuant to R.C. 1345.091 as the alleged wrongful acts were not committed by BONYM but rather a predecessor. The court further determined that "BONYM has produced evidence that it is not a debt collector within the meaning of the FDCPA since it acquired rights to the Brocks' loan on May 1, 2006, prior to the Brocks' default."

{¶ 9} Two days after the trial court issued its decision on BONYM's motion for summary judgment, BONYM voluntarily dismissed its foreclosure complaint without prejudice. Thereafter, on December 31, 2013, the trial court issued a final appealable order entering judgment in favor of BONYM on appellants' TILA, RESPA, and FDCPA counterclaims.

{¶ 10} Appellants timely appealed, raising two assignments of error. For ease of discussion, appellants' assignments of error will be addressed out of order.

{¶ 11} Assignment of Error No. 2:

{¶ 12} THE TRIAL COURT ERRED WHEN IT DID NOT STRIKE PLAINTIFF'S AFFIDAVIT IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT.

{¶ 13} In their second assignment of error, appellants argue the trial court abused its discretion when it denied their motion to strike Jaffe's affidavit. Appellants contend BONYM relied heavily on the "PSA" to demonstrate when it became the holder of the note, but the "PSA" was not properly introduced into evidence by BONYM as it was not attached to Jaffe's affidavit as required by Civ.R. 56(E).[1] Because the "PSA" was not attached to the affidavit, appellants argue the affidavit should have been stricken and should not have been

---

1. On appeal, BONMY has clarified that the "PSA" is a "Pooling and Servicing Agreement." This document, however, was not entered in the record below.

considered or relied upon by the trial court in ruling on BONYM's motion for summary judgment.

{¶ 14} "The determination of a motion to strike is within the [trial] court's broad discretion." *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 13. An appellate court will not reverse a trial court's ruling on a motion to strike absent a finding that the trial court abused its discretion. *Wells Fargo Bank v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 13. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*

{¶ 15} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment. *Id.* at ¶ 15, citing *State ex rel. Varnau v. Wenninger*, 12th Dist. Brown No. CA2009-02-010, 2011-Ohio-3904, ¶ 7. Those materials are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "[A] party may properly introduce evidence not specifically authorized by Civ.R. 56(C) by incorporating it by reference through a properly framed affidavit pursuant to Civ.R. 56(E)." *Wilson v. AIG*, 12th Dist. Butler No. CA2007-11-278, 2008-Ohio-5211, ¶ 29; *Wenninger* at ¶ 7.

{¶ 16} Pursuant to Civ.R. 56(E), "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated in the affidavit." Personal knowledge is defined as "knowledge of the truth in regard to a particular fact or allegation, which is original, and does not depend on information or hearsay." *Re v. Kessinger*, 12th Dist. Butler No. CA2007-02-044, 2008-Ohio-167, ¶ 32, citing *Carlton v. Davisson*, 104 Ohio App.3d 636, 646 (6th Dist.1995). Absent evidence to the contrary, an affiant's statement that his affidavit is based on personal knowledge will suffice to meet the requirement of Civ.R.

56(E). *Wells Fargo*, 2013-Ohio-855 at ¶ 16.

**{¶ 17}** Additionally, documents that are referred to in an affidavit must be attached to the affidavit and must be sworn or certified copies. Civ.R. 56(E). "When an affiant relies on documents in his affidavit and does not attach those documents, the portions of the affidavit that reference those documents must be stricken." *Wells Fargo* at ¶ 17, citing *Third Federal S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, ¶ 10.

**{¶ 18}** In support of its motion for summary judgment, BONYM attached the affidavit of Jaffe, in which Jaffe averred that his knowledge about appellants' loan transaction was obtained from his review of those records relating to the loan transaction and from his "own personal knowledge" of how such documents are kept and maintained by Bayview. Jaffe explained Bayview became the servicer of appellants' mortgage loan account on October 16, 2012, when the account was transferred from Bank of America. Jaffe stated that Bayview obtained Bank of America's servicing records, which were integrated into Bayview's system and became part of Bayview's business records. Jaffe then averred, in relevant part, the following:

> 11. All of the servicing records are maintained for [BONYM], *as established by the PSA*.
>
> * * *
>
> 15. The note bears an endorsement to blank. It is endorsed by Countrywide Home Loans, Inc., doing business as America's Wholesale Lender.
>
> 16. *The note was transferred to [BONYM] on or before May 1, 2006. The PSA with the loan schedule attached sets forth that the loan was transferred into the trust at that time.* [BONYM] had physical possession of the note. It was stored in a secure facility maintained by Countrywide at the direction of [BONYM].
>
> * * *

23. The mortgage was assigned to [BONYM] by an assignment dated September 11, 2008 * * *. A true and accurate copy of the assignment is attached as Exhibit G and incorporated herein.

* * *

25. The mortgage loan account first experienced delinquency when the June 2006 payment was returned as having insufficient funds. A true and accurate copy of the payment history is attached as Exhibit H and incorporated herein.

26. On October 17, 2006 Countrywide issued a notice of default and intent to accelerate to Ms. Brock because she failed to make her September and October 2006 payments. A true and accurate copy of the notice is attached as Exhibit I and incorporated herein.

(Emphasis added.)

{¶ 19} The "PSA" referenced in paragraphs 11 and 16 was not attached to Jaffe's affidavit. From Jaffe's statements in these two paragraphs, it is clear that the "PSA" was utilized by him in determining when the note was transferred to BONYM and when servicing of the account for the benefit of BONYM commenced. As such, the "PSA" was required by Civ.R. 56(E) to be attached to the affidavit.

{¶ 20} We therefore find that the trial court abused its discretion by admitting those portions of Jaffe's affidavit that relied on his review of the "PSA" as the "PSA" was not attached to the affidavit. Accordingly, we find that paragraphs 11 and 16 should have been stricken. The remaining portions of the affidavit, however, were properly admitted by the trial court.

{¶ 21} Appellants' second assignment of error is therefore sustained to the extent that paragraphs 11 and 16 of Jaffe's affidavit should have been stricken. Such paragraphs shall not be considered in our de novo review of BONYM's motion for summary judgment on appellants' FDCPA counterclaim.

{¶ 22} Assignment of Error No. 1:

- 8 -

{¶ 23} THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF BONYM ON THE BROCKS' FDCPA COUNTERCLAIM.

{¶ 24} In their first assignment of error, appellants argue the trial court erred by entering summary judgment in BONYM's favor on their counterclaim for violations of the FDCPA. Appellants contend that, contrary to the trial court's holding, genuine issues of material fact remain as to when BONYM became the holder of the promissory note and whether appellants were in default on the terms of the note at the time BONYM became the holder of the note. Appellants argue Jaffe's deposition testimony that he did not know where the note was located as of the date the complaint was filed (February 3, 2012) or the date of his deposition (April 17, 2013) combined with the fact that BONYM was not assigned the mortgage until September 2008, "casts doubt on when BONYM came into possession of the original note, and therefore, whether they were a holder before the time of default as required to be exempt from the FDCPA."[2]

{¶ 25} This court's review of a trial court's ruling on a motion for summary judgment is de novo. *Grizinski v. Am. Express Fin. Advisors, Inc.*, 187 Ohio App.3d 393, 2010-Ohio-1945, ¶ 14 (12th Dist.). "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Morris v. Dobbins Nursing Home*, 12th Dist. Clermont No. CA2010-12-102, 2011-Ohio-3014, ¶ 14, citing *Brewer v. Cleveland Bd. of Edn.*,

---

2. Appellants also argue that prior exhibits from two previous foreclosure cases filed by BONYM in 2007 and 2008, respectively, create a genuine issue as to when BONYM became the holder of the note. Appellants argue that the version of the note attached to the 2007 and 2008 complaints did not contain an endorsement. However, the pleadings from the prior cases were not introduced into evidence by appellants. Contrary to appellants' arguments, this court may not consider unauthenticated documents, including uncertified court records, which were not submitted in accordance with Civ.R. 56. *See Trebnick Systems, Inc.*, 12th Dist. Warren No. CA2012-10-097, 2013-Ohio-2642, ¶ 15. Further, as we have previously recognized, "a trial court cannot take judicial notice of court proceedings in another case and may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved; a court may take judicial notice of only the court proceedings in the immediate case." *Id.* at ¶ 16. Accordingly, the 2007 and 2008 complaints and their attached exhibits are not proper evidence and shall not be considered in determining the merits of BONYM's summary judgment motion.

122 Ohio App.3d 378, 383 (8th Dist.1997). Summary judgment is appropriate when there are no genuine issues of material fact to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Williams v. McFarland Properties, L.L.C.*, 177 Ohio App.3d 490, 2008-Ohio-3594, ¶ 7 (12th Dist.).

**{¶ 26}** To prevail on a motion for summary judgment, the moving party must be able to point to evidentiary materials that show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.* However, if the moving party meets its burden, the burden then shifts to the nonmoving party to present evidence demonstrating that some issue of material fact remains to be resolved. *Id.* "All evidence submitted in connection with a motion for summary judgment must be construed most strongly in favor of the party against whom the motion is made." *Dobbins Nursing Home* at ¶ 15, citing *Morris v. First Natl. Bank & Trust Co.*, 21 Ohio St.2d 25, 28 (1970).

**{¶ 27}** To establish a claim under the FDCPA, "a plaintiff must establish that: (1) he or she is a 'consumer' as defined by 15 U.S.C. 1692a(3); (2) the 'debt' arises out of transactions that are 'primarily for personal, family, or household purposes,' 15 U.S.C. 1692a(5); (3) the defendant is a 'debt collector' as defined by 15 U.S.C. 1692a(6); and (4) the defendant violated any of the prohibitions of 15 U.S.C. 1692e." *Bank of Am., N.A. v. Robledo*, 10th Dist. Franklin No. 13AP-278, 2014-Ohio-1185, ¶ 23. The inability to prove any one of these elements is fatal to a one's FDCPA claim. *Id.*

**{¶ 28}** A "debt collector" is defined by the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or

indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692a(6). The Act specifically excludes from its definition of a "debt collector" any person "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity * * * concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1692a(6)(F)(iii). Accordingly, the FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not." *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir.2003). *See also D.A.N. Joint Venture III, L.P. v. Armstrong*, 11th Lake Dist. No. 2006-L-089, 2007-Ohio-898, ¶ 45.

{¶ 29} BONYM contends summary judgment is appropriate because it is not a "debt collector" as defined by 15 U.S.C. 1692a(6). Specifically, BONYM contends it is not a "debt collector" because at the time it became the holder of the promissory note "on or about May 1, 2006," appellants had not defaulted on the note. However, BONYM did not attach proper Civ.R. 56(C) evidence in support of its argument. While the promissory note attached to BONYM's motion demonstrates that the note was endorsed in blank, the note does not indicate when such endorsement occurred or when the note was transferred into BONYM's possession. As discussed in our resolution of appellants' second assignment of error, Jaffe's averment in paragraph 16 of his affidavit that the "note was transferred to [BONYM] on or about May 1, 2006" was not admissible evidence as the statement was predicated on information contained in the "PSA"—a document not properly attached to the affidavit. BONYM failed to present any other evidentiary materials permitted under Civ.R. 56(C) that establish when it came into possession of the endorsed in blank note. Because BONYM did not attach proper evidentiary materials to its motion demonstrating when BONYM became the holder of the note and whether such event occurred prior to or after appellants' default, we find that it did not meet its burden of demonstrating that no genuine issue of material fact

existed and that it was entitled to judgment as a matter of law. Based upon the evidence presented by the parties, the issue of whether BONYM is a "debt collector" as contemplated by 15 U.S.C. 1692a(6) is an issue of fact that remains in dispute.

{¶ 30} Accordingly, we sustain appellants' first assignment of error and reverse the grant of summary judgment to BONYM on appellants' FDCPA counterclaim as BONYM failed to satisfy its initial burden for summary judgment. *See Farno*, 2012-Ohio-5245 at ¶ 13 ("summary judgment is not appropriate as [the moving party] failed to satisfy its initial burden for summary judgment when the last three paragraphs of [the moving party's] affidavit for summary judgment are stricken and none of the pertinent material was provided in the record to the trial court"); *Dresher*, 75 Ohio St.3d at 293.

{¶ 31} Judgment reversed and this cause remanded to the trial court for further proceedings in accordance with the law and consistent with this opinion.

S. POWELL and M. POWELL, JJ., concur.