[Cite as *Jenkins v. Hill*, 2015-Ohio-118.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| DOUGLAS G. JENKINS, SR., ET AL., | : | Case No. 14CA4 |
| Plaintiffs-Appellants, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| JULIAN HILL, ET AL., | : | |
| Defendants-Appellees. | : | **RELEASED:  1/12/2015** |

<u>APPEARANCES</u>:

Douglas Jenkins, Sr., Racine, Ohio, pro se appellant.

Michael J. Valentine and Nicole M. Koppitch, Reminger Co., L.P.A., Columbus, Ohio, for appellee.

Harsha, J.

{¶1}    Douglas Jenkins Sr. filed a complaint seeking monetary damages for injuries allegedly caused when Julian Hill, the driver of a school bus owned by Southern Local Schools Board of Education, rear-ended a vehicle Jenkins and two others occupied.  After Hill and the board of education admitted causing the accident, a jury trial occurred on the issues of proximate cause and damages. The jury found that Hill's negligence did not proximately cause Jenkin's injuries and returned a verdict in favor of Hill and the board of education. Before the trial court entered judgment on the jury verdict, Jenkins filed a motion for a new trial based on his claim that the judgment was against the weight of the evidence.  The trial court denied the motion, and this appeal ensued.

{¶2}    In his sole assignment of error Jenkins contends that the trial court erred in denying him the requested monetary judgment.  Although Jenkins did not properly

specify the judgment of the trial court he seeks to overturn in his notice of appeal, we hold that this defect is not jurisdictional. However, upon consideration of the merits, Jenkins cannot establish reversible error because he failed to submit a transcript of the jury trial as part of the record on appeal. Therefore, we must presume the validity of the trial court's judgment, overrule his assignment of error, and affirm the judgment.

## I. FACTS

{¶3}   In September 2010, Hill, who was acting within the scope of his employment with the school board, drove a school bus that rear-ended a vehicle occupied by Jenkins and two others. Jenkins and the other occupants filed a complaint in the common pleas court seeking damages based on injuries allegedly caused by the accident. After Hill and the school board admitted that Hill was negligent, the court held a trial on the issues of proximate cause and damages. The jury returned a verdict in favor of Hill and the school board after finding that Jenkins failed to prove by a preponderance of the evidence that Hill's negligence proximately caused Jenkins's injuries.

{¶4}   Before the trial court entered judgment on the jury verdict, Jenkins filed a motion for new trial pursuant to Civ.R. 59(A)(6) based on his claim that the jury's determination was against the manifest weight of the evidence. On February 10, 2014, the trial court entered a judgment in favor of Hill and the school board based on the jury's verdict. On February 27, 2014, the trial court denied Jenkins's motion for new trial. The remaining claims involving other parties were dismissed by the parties.

**{¶5}**   On March 28, 2014, Jenkins filed his notice of appeal, which was purportedly from the trial court's February 27, 2014 judgment denying his motion for new trial.

## II. ASSIGNMENT OF ERROR

**{¶6}**   Jenkins assigns the following error:

The trial court erred in granting monetary judgment to Appellee Douglas Jenkins.[1]

## III. LAW AND ANALYSIS

### Jurisdiction

**{¶7}**   In his sole assignment of error Jenkins asserts that the trial court erred in denying him the requested damages on his personal-injury claims against Hill and the school board.  In the conclusion to his brief Jenkins requests that "[t]his Court should reverse the jury's decision based on both parties['] counsel and expert witnesses stat[ing] that an injury did occur."  Neither his assignment of error nor his argument in support specifically contests the trial court's judgment denying his motion for new trial.

**{¶8}**   App.R. 3(D) requires that a notice of appeal "designate the judgment, order or part thereof appealed from."  Jenkins designated the trial court's February 27, 2014 judgment denying his motion for new trial in his notice of appeal, but his assignment of error and related argument contest the trial court's February 10, 2014 judgment entered on the jury verdict in favor of Hill and the school board.  Jenkins does not request a new trial as his trial counsel did in the motion; instead, he requests a reversal of the judgment entered by the trial court on the jury verdict.  In *State v. Walton*,

---

[1] Jenkins has erroneously designated himself as "appellee" and mischaracterized the court's judgment as one "granting" monetary relief.

4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 6, we recently held that "[w]e are without jurisdiction to review a judgment or entry not designated in an appellant's notice of appeal." *See also State v. Henderson*, 8th Dist. Cuyahoga No. 100385, 2014-Ohio-2061, ¶ 7 ("It is axiomatic that the notice of appeal must specify the judgment being appealed[;] [a] court of appeals lacks jurisdiction to review a judgment or order that is not designated in the notice of appeal").

{¶9}   Nevertheless, in *Transamerica Inc. Co. v. Nolan*, 72 Ohio St.3d 320, 649 N.E.2d 1229 (1995), syllabus, the Supreme Court of Ohio expressly recognized that "[p]ursuant to App.R. 3(A), the only jurisdictional requirement for a valid appeal is the timely filing of a notice of appeal." Therefore, upon reflection we now hold—consistent with *Transamerica*—that a failure to comply with App.R. 3(D) is not a jurisdictional defect. *See, e.g., Bank of Am., N.A. v. Robledo*, 10th Dist. Franklin No. 13AP-278, 2014-Ohio-1185, ¶ 14, a case in which the appellants failed to comply with App.R. 3(D) ("This court has rejected the contention that a defect in a notice of appeal that has been timely filed from a final judgment defeats jurisdiction"). This conclusion does not modify our result in *Walton*, which was alternatively premised on the appellant's failure to file a timely appeal from the trial court's sentencing entries. *Walton* at ¶ 8.

{¶10}   "When presented with other [i.e. nonjurisdictional] defects in the notice of appeal, a court of appeals is vested with discretion to determine whether sanctions, including dismissal, are warranted, and its decision will not be overturned absent an abuse of discretion." *Transamerica* at syllabus. Here, there is a final, appealable order, and the appellees have not established any prejudice from the App.R. 3(D) defect.

They have addressed the merits of Jenkins's claims.  Under these circumstances, we exercise our discretion to address the merits of this appeal.

Failure to Submit Transcript

**{¶11}** Jenkins asserts that the trial court erred in denying him the requested damages on his personal-injury claims against Hill and the school board.  He claims the evidence proved that Hill's actions in rear-ending his vehicle proximately caused permanent injuries to his lower back and neck.  He further contends that appellees' trial counsel conceded in opening and closing statements that some type of injury may have occurred.

**{¶12}** Jenkins did not, however, submit a transcript of the jury trial as part of the record on appeal.  "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings."  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980); *State v. Lamb*, 4th Dist. Highland No. 14CA3, 2014-Ohio-2960, ¶ 14.  Without a transcript, we must presume that the trial court's judgment and the jury's verdict that Jenkins failed to prove that appellees' actions proximately caused him any damages is supported by sufficient competent, credible evidence.  Moreover, statements made by counsel during opening statements and closing arguments are not evidence.  *See State v. Frazier*, 73 Ohio St.3d 323, 338, 652 N.E.2d 1000 (1995); *Burns v. Adams*, 4th Dist. Scioto No. 12CA3508, 2014-Ohio-1917, ¶ 64.

**{¶13}** Therefore, Jenkins's assignment of error is meritless.

IV. CONCLUSION

{¶14} In the absence of a transcript of the proceedings, Jenkins cannot prove that the trial court erred in adopting the jury verdict and determining that he was not entitled to monetary damages. Consequently, we overrule his assignment of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court



BY: _____
William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**